541 P.2d 1174

**Thomas N. ANAGNOSTOS, Petitioner,**

v.

**Alice TRUMAN, Judge of the Superior Court, State of Arizona, in and for the County of Pima, and the CITY OF TUCSON, a real party in interest, Respondents.**

**No. 2 CA–CIV 2008.**

Court of Appeals of Arizona, Division 2.

Nov. 12, 1975.

Rehearing Denied Dec. 18, 1975.

Review Denied Jan. 13, 1976.

Michael P. Pollard and Philip J. Hall, Tucson, for petitioner.

James D. Webb, Tucson City Atty., by Thomas J. Wilson, Asst. City Atty., Tucson, for respondents.

## OPINION

HATHAWAY, Judge.

On March 28, 1975, petitioner was issued a citation by the Tucson Police Department alleging that he had violated A.R.S. § 28–701, speeding. Petitioner pled not guilty at his initial appearance and was subsequently ordered to appear for trial before the city court on May 15. On the day of trial, the case was set to be heard by the Honorable Paul F. Newell. The city prosecutor thereupon filed a motion for a change of judge pursuant to Rule 10.2, Rules of Criminal Procedure, 17 A.R.S. Newell, a city magistrate, granted the motion and assigned the case to another court for trial. On June 16, petitioner filed a special action petition in the superior court of Pima County. On September 22, the respondent judge denied the relief requested and remanded the case to city court for trial. The sole point raised in this action is whether Rule 10.2 is applicable to proceedings in courts below the superior court level. We hold that it is not.

Rule 1.1 states that the rules will govern the procedure in all criminal proceedings in all Arizona courts. However, the comment to that rule states:

"These rules are intended to provide uniform standards and procedures for criminal proceedings before all Arizona courts. They are to govern non-record courts unless specifically stated otherwise in a particular rule."

Rule 10.1 sets forth the procedure for a change of judge based upon cause. Rule 10.1(a) states:

"In *any* criminal case the state or any defendant shall be entitled to a change of judge if a fair and impartial hearing or trial cannot be had by reason of the interest or prejudice of the assigned judge." (Emphasis added)

Rule 10.2 allows a change of judge without the necessity of showing interest or prejudice on the part of the assigned judge. Rule 10.2(a) states:

"In any criminal case in *Superior Court,* any party shall be entitled to request a change of judge." (Emphasis added)

When these two rules are read together, it is clear that the rule is designed to allow a change of judge in *any* court when there is interest or prejudice on the part of the assigned judge, but only in superior court can there be an automatic change of judge merely upon request.

By its very language, Rule 10.2 only applies to cases in the superior court. Respondents argue that it is incumbent upon this court, due to inherent failures in the administration of justice, to construe the language of Rule 10.2 as less than complete negation of applicability of the rule to inferior courts. We cannot do this. Construction and interpretation is resorted to only if a rule is not clear on its face. There is nothing ambiguous about the lan-

guage of Rule 10.2, especially when read in the light of Rule 1.1. There are basic differences between the administration of justice and its procedure in inferior courts and in courts of record. While we do not choose to underscore the differences at this time, suffice it to say that those differences certainly allow a different procedure to be utilized in a change of judge situation.

Inasmuch as the rule specifically allows the peremptory right of disqualification of a judge only at the superior court level, petitioner is entitled to relief. The order of the superior court denying special action relief is vacated with directions to enter an appropriate order consistent herewith.

HOWARD, C. J., and KRUCKER, J., concur.