558 P.2d 35

**Gary Howard CONKLING, Appellant,**

v.

**Jack POLLOCK, City Magistrate of the City Court of Yuma, Arizona, Appellee.**

**No. I CA–CIV 3106.**

Court of Appeals of Arizona, Division 1, Department B.

Dec. 23, 1976.

Paul Hunter, Jr., Yuma, for appellant.

Douglas S. Stanley, City Atty., Yuma by William E. Farrell, City Atty., Yuma, for appellee.

## OPINION

WREN, Judge.

The appellant was found guilty in the City Court of the City of Yuma of speeding and driving while under the influence of alcohol. The appellee, who presided over the trial, was the Magistrate of the City Court of Yuma and a non-lawyer. Prior to sentencing the appellant petitioned for a special action in Superior Court to enjoin sentencing for the reason that he was denied due process of law because he was tried before a non-lawyer judge. The petition for special action was denied and this appeal followed.

The sole issue presented on this appeal is whether due process requires that a judge in a criminal case in which a jail sentence may be imposed must be an attorney. This question has been answered in the negative by the Arizona appellate courts. *State v. Lynch*, 107 Ariz. 463, 489 P.2d 697 (1971); *Crouch v. Justice of the Peace Court of Sixth Precinct*, 7 Ariz.App. 460, 440 P.2d 1000 (1968). It has also been recently resolved by the United States Supreme Court in *North v. Russell*, —— U.S. ——, 96 S.Ct. 2709, 49 L.Ed.2d 534 (1976). The Court held that there is no denial of due process when a defendant is tried before a non-lawyer judge for an offense punishable by imprisonment when a later trial de novo before a lawyer judge is a matter of right.

■ Since there was no transcript of the proceedings in city court, appellant has an absolute right to be tried de novo in Superior Court. A.R.S. § 22–374A.[1] All Superior Court judges are lawyers admitted to practice in Arizona. Arizona Constitution Art. 6 § 13. Appellant was, therefore, not denied due process.

In *North v. Russell, supra,* the Court specifically noted that it had left unanswered the question of whether a person could be convicted and imprisoned in accordance with due process after a proceeding where the only trial provided for was conducted by a lay judge. Although we

1. A.R.S. § 22–374A provides:

"A. An appeal shall be on the record of proceedings if such record includes a transcript of the proceedings. Trial de novo shall be granted in all appeals wherein a transcript of the proceedings has not been maintained. The record shall be as certified by the judge of the court of origin or as stipulated by the parties. The condition of the record shall be subject to review by the superior court which may grant trial de novo based upon the court's evaluation of the sufficiency and condition of the record."

recognize that under A.R.S. § 22–374A there is no absolute right to a trial de novo in Superior Court when a transcript of the lower court proceedings has been maintained, we will also leave this issue unresolved as it is unnecessary to this appeal. We are also cognizant of the fact that this very question is presently pending before the Arizona Supreme Court in a special action petition. *Palmer v. Superior Court*, No. 12830, jurisdiction accepted Sept. 28, 1976.

■ Finally, appellant raises for the first time in his reply brief that he was denied equal protection because there are some lawyer judges in the larger Arizona counties whereas criminal defendants in city courts of smaller counties are always tried by lay judges. We can put this issue to rest by noting that a similar contention was made in *North v. Russell, supra,* and the Supreme Court held that there was no denial of the equal protection guarantees of the federal Constitution.

The order denying the special action is affirmed.

SCHROEDER, P. J., and EUBANK, J., concur.