560 P.2d 797

Bill Warren PALMER, Petitioner,

v.

The SUPERIOR COURT of Arizona IN AND FOR the COUNTY OF MARICOPA, and the Honorable Robert C. Broomfield, a judge thereof, and the State of Arizona, Real Party in Interest, Respondents.

No. 12830.

Supreme Court of Arizona,
In Banc.

Feb. 7, 1977.

**280**

Traynor & Herbert, P. C., by John D. Herbert, Chandler, Frederick M. Aeed, Phoenix, for petitioner.

Donald W. Harris, former Maricopa County Atty., Charles F. Hyder, Maricopa County Atty., by Vince H. Imbordino, Deputy County Atty., Phoenix, for respondents.

Andy Baumert, City Atty., by Robert F. Crawford, Asst. City Prosecutor, Phoenix, for amicus curiae City of Phoenix.

HOLOHAN, Justice.

The petitioner, Bill Warren Palmer, by this special action challenges the order of the respondent superior court judge in dismissing his appeal from the judgment of the Justice Court of Scottsdale Precinct.

The petitioner was charged with violation of A.R.S. § 13–801, failure to provide. He was represented by counsel at his trial in the justice court. Pursuant to A.R.S. § 22–371, a court reporter was also present. Petitioner was found guilty and sentenced to one month in jail.

Petitioner filed a notice of appeal from the judgment of the justice court, but he failed to make arrangements to pay for a transcript. The respondent superior court judge ordered the appeal dismissed and remanded the case to the justice court for further proceedings.

The petitioner challenges A.R.S. §§ 22–371 and 22–374 on two grounds: that they transform justice of the peace courts into courts of record, in violation of Art. 6 § 30

of the Arizona Constitution; and that his right to Due Process of Law under the Fourteenth Amendment to the Federal Constitution was violated. Petitioner maintains that he is entitled to a trial de novo as a matter of constitutional right. He does not challenge the requirement that he pay for a transcript unless he is indigent. 17A A.R.S. Rules of Procedure for Appeals to Superior Court from Justice or Police Court, rule 7. He does not claim that he is indigent. We have, therefore, limited our consideration to the specific issues raised by petitioner.

The Arizona Constitution reads in relevant part as follows:

"Other courts of record may be established by law, but justice courts shall not be courts of record." Art. 6 § 30 Arizona Constitution, 1 A.R.S.

The term "court of record" is not amenable to easy definition. Most definitions are no more than a description of its characteristics. Blackstone defined a court of record as one keeping a permanent record of unquestioned verity. 3 Blackstone 24. The characteristics of permanency and unquestioned verity are still accepted as basic to any definition of a court of record. *See, e. g., DeKalb County v. Deason,* 221 Ga. 237, 144 S.E.2d 446 (1965); *Chrisman v. Metropolitan Life Insurance Company,* 178 Tenn. 321, 157 S.W.2d 831 (1942); *see also* 20 Am.Jur.2d *Courts* § 26 and 21 C.J.S. *Courts* § 5.

The record in a court of record is the highest evidence of what was done and it is conclusive unless attacked for fraud. *Chrisman v. Metropolitan Life Insurance Company, supra.* The statute authorizing appeal on the justice court transcript does not make that record conclusive. A.R.S. § 22–374(A). It is subject to review by the superior court, which may disregard it and grant a trial de novo based on that court's evaluation of its condition and sufficiency.

Because the transcripts need not be accepted by the reviewing court, the statute does not transform justice courts into courts of record; hence there is no violation of Art. 6 § 30 of the Arizona Constitution.

The petitioner bases his denial of due process claim on *North v. Russell*, 427 U.S. 328, 96 S.Ct. 2709, 49 L.Ed.2d 534 (1976). In that case, the United States Supreme Court held that an accused, subject to possible imprisonment, was not denied due process when tried before a nonlawyer police court judge with a later trial de novo available under Kentucky's two-tier court system.

Under Arizona's two-tier system, jurisdiction of certain minor criminal actions is vested in justice courts. Art. 6 § 32 Arizona Constitution; A.R.S. § 22–301. There is no requirement that the justices of the peace be lawyers. Some of the justice courts have lawyers holding the office, but it is certainly more common for the office to be held by a nonlawyer. The justices of peace are paid fixed salaries and receive no part of the fees collected, Art. 22 § 17 Arizona Constitution; A.R.S. § 11–424, so they are free to be independent and neutral in their judgment. It is petitioner's contention that, irrespective of the actual experience and competence of the justice of the peace, he is entitled to a trial de novo on appeal if the lower court judge was not a lawyer. It is conceded that the justice of the peace who heard this case was not a lawyer.

Petitioner relies primarily on *North v. Russell, supra*, for his position that he is entitled to a trial de novo. We believe he reads too much into the cited case. The Federal Supreme Court was reviewing the Kentucky nonrecord court system which does not provide for recording the proceedings. Under such a system there can be no possible review of the trial. Kentucky provides for a de novo trial in the circuit court where all judges are lawyers. Prior to the 1974 amendment of A.R.S. § 22–374 the Arizona system was essentially the same as that of Kentucky. Petitioner argues that there is no other course open to Arizona but to provide de novo trials on appeal from nonrecord courts presided over by nonlawyer judges. We disagree.

Where there is no transcript of a trial there can be no record review, and the only course available is a trial de novo. This procedure has been found to be unduly expensive, delaying and oppressive. Witnesses must be forced to attend two trials. There are often two jury trials involved— one in the justice court and a second in the superior court. There is often much delay from carrying a case through two trials in two different courts.

The legislature sought to avoid the evils in the two-tier court system by providing for a transcript of the lower court trial. Does this violate due process? We believe it does not. The presence of a record provides an opportunity for meaningful and complete judicial review by the law-trained superior court judge. As noted earlier in this opinion, the condition of the record is the first matter to be reviewed. If the superior court's evaluation of the sufficiency and condition of the record discloses deficiencies in the record, that court is free to grant a trial de novo. We believe this system meets the requirements of fairness and due process.

If the superior court is satisfied with the sufficiency and condition of the record, the appeal is considered on the record. The statute, A.R.S. § 22–374(C), empowers the superior court to reverse and remand for a new trial, reverse and direct an acquittal, or affirm and remand the case for carrying out the judgment.

The statute gives the superior court complete power to insure that an appeal from a nonrecord court is heard on a legally adequate record and that the record supports the conviction with evidence which has been received in conformity with the requirements of constitutional and statutory standards. Such a system satisfies the requirements of due process.

The relief sought by petitioner is denied.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and GORDON, JJ., concur.