20526

The STATE, Respondent, v. John DUNCAN, Jr., Appellant.

(238 S. E. (2d) 205)

*H. E. Bonnoitt, Jr.,* of Georgetown, *for Appellant,*

*Daniel R. McLeod, Atty. Gen., Brian P. Gibbes, Asst. Atty. Gen.,* and *Charles H. Richardson, Staff Atty.,* of Columbia, *for Respondent,*

October 12, 1977.

GREGORY, Justice:

Appellant pled guilty in the magistrate's court to petit larceny and was sentenced to thirty days imprisonment. On appeal appellant contends he was denied due process and equal protection of the law by being tried before a nonattorney judge. We affirm.

On December 18, 1976, appellant Johnny Duncan was charged with the theft of an eight pack of beer and thereafter arrested. He was released on a recognizance bond and ordered to appear before the Honorable Nathan H. Brown, Magistrate for Georgetown County, for trial on January 5, 1977. Judge Brown is not an attorney. At trial appellant waived his right to the assistance of counsel and pled guilty

to the charge of petit larceny, asking Judge Brown to hear his explanation of what took place. Judge Brown heard the testimony of several witnesses including the prosecuting witness, appellant, and appellant's mother and brother, and then imposed a sentence of thirty days with no alternate fine.

As a result of the petit larceny conviction, appellant was brought before the Honorable James B. Morrison, Resident Judge for the Fifteenth Judicial Circuit, for a probation revocation hearing. Counsel was appointed and the probation revocation hearing continued pending the ultimate disposition of appellant's appeal from his conviction in the magistrate's court.

Timely notice of intention to appeal the petit larceny conviction was filed and the matter was heard by Judge Morrison on February 7, 1977. Appellant argued he had not been advised of his right to counsel as provided by Rules 1 and 2 of the Defense of Indigents Act,[1] and further argued his rights under the due process clause of the Fourteenth Amendment to the United States Constitution and Article 1 Section 3 of the South Carolina Constitution, 1895,[2] were violated by his being required to stand trial before a nonattorney judge.

Judge Morrison found appellant had been fully informed of his right to counsel as provided by the Defense of Indigents Act. On the authority of *Ditty v. Hampton*, 490 S. W.

[1] Rule 1: In cases involving criminal charges within the jurisdiction of magistrates' courts, or other courts of like jurisdiction, if a prison sentence is likely to be imposed following any conviction, the presiding judge of the court in which the matter is to be determined shall inform the accused as provided in Rule 2 when the case is called for disposition.

Rule 2: The officer before whom the arrested person is taken shall: (2) Advise the accused of his right to counsel and of his right to the appointment of counsel by the court, if the accused is financially unable to employ counsel.

[2] Article I Section 3: The privileges and immunities of citizens of this State and of the United States under this Constitution shall not be abridged nor shall any person be deprived of life, liberty, or property without due process of law, nor shall any person be denied the equal protection of the laws.

(2d) 772 (Ky. 1972),[3] Judge Morrison also concluded appellant had not been denied due process of law by being tried before a lay magistrate and affirmed the conviction.

Three exceptions were taken to Judge Morrison's order and this appeal followed.

Appellant contends his trial before a nonattorney magistrate jeopardized his fundamental right to liberty, denied him the right to a fair trial and the effective assistance of counsel, and denied him due process of law.

Appellant essentially argues that the due process clauses of the United States Constitution and the South Carolina Constitution prohibit the use of nonattorney judges in the trial of criminal cases where the defendant faces a potential jail sentence.

In *North v. Russell*, 427 U. S. 328, 96 S. Ct. 2709, 49 L. Ed. (2d) 534 (1976), the United States Supreme Court entertained a similar challenge to Kentucky's use of lay judges. The question faced by the Supreme Court was stated by Mr. Chief Justice Burger:

Appellant's first claim is that when confinement is a possible penalty, a law-trained judge is required by the Due Process Clause of the Fourteenth Amendment whether or not a trial de novo before a lawyer-judge is available (footnote omitted). 427 U. S. at 333, 96 S. Ct. at 2711, 49 L. Ed. (2d) at 538.

The Court, however, limited its consideration of the question as follows:

In the context of the Kentucky procedures, it is unnecessary to reach the question whether a defendant could be convicted and imprisoned after a proceeding in which the only trial afforded is conducted by a lay judge. In all instances, a

---

[3] Due process, as regards the tribunal hearing a case, usually has been considered to require only that the tribunal be fair and impartial. 490 S. W. (2d) at 775.

defendant in Kentucky facing a criminal sentence is afforded an opportunity to be tried de novo in a court presided over by a lawyer judge since an appeal automatically vacates the conviction in police court. 427 U. S. at 334, 96 S. Ct. at 2712, 49 L. Ed. (2d) at 539.

Article V Section 23 of the South Carolina Constitution creates the office of magistrate and directs the General Assembly to determine the number to be appointed and to provide the terms of office and the civil and criminal jurisdiction of the magistrates. The criminal jurisdiction of the magistrate's court set forth in Section 22-3-540, 1976 Code of Laws of South Carolina, and Section 22-3-550, 1976 Code, as amended by Act No. 113 of the 1977 Acts of the General Assembly. The magistrate's court is not a court of record but the magistrate has the duty of reducing the witnesses' testimony to writing. Section 22-3-790, 1976 Code. Appeals are to the circuit court and are governed by Section 18-3-70, 1976 Code, which provides:

The appeal shall be heard by the court of general sessions upon the grounds of exceptions made and upon the papers required under this chapter, without the examination of witnesses in such court. And the court may either confirm the sentence appealed from, reverse or modify it or grant a new trial, as to the court may seem meet and conformable to the law.

Although the appellate court may confirm, modify, or reverse the sentence, or grant a new trial, the court is not permitted to examine witnesses. Thus, the appeal does not have the scope of a trial de novo.

A criminal defendant in this State who is chaged with certain relatively minor criminal offenses may be convicted and sentenced after a proceeding in which the only trial afforded is conducted by a lay judge. Thus, this Court is now presented with the very question not answered by the Supreme Court in *North v. Russell.*

Appellant presents the same argument stated in *North v. Russell:*

Appellant argues that the right to counsel articulated in *Argersinger v. Hamlin,* [407 U. S. 25, 92 S. Ct. 2006, 32 L. Ed. (2d) 530] supra, and *Gideon v. Wainwright,* 372 U. S. 335, 83 S. Ct. 792, 9 L. Ed. (2d) 799, 23 Ohio Ops. (2d) 258, 93 A. L. R. (2d) 733 (1963), is meaningless without a lawyer-judge to understand the arguments of counsel. Appellant also argues that the increased complexity of substantive and procedural criminal law requires that all judges now be lawyers in order to be able to rule correctly on the intricate issues lurking even in some simple misdemeanor cases. 427 U. S. at 334, 96 S. Ct. at 2712, 49 L. Ed. (2d) at 539.

In support of appellant's position is *Gordon v. Justice Court,* 12 Cal. (3d) 323, 115 Cal. Rptr. 632, 525 P. (2d) 72 (1974), where the Supreme Court of California held:

. . . due process demands that henceforth a defendant charged with an offense carrying a possible jail sentence must be provided with an attorney judge to preside over the proceedings, unless he elects to waive such right. 115 Cal. Rptr. at 639, 525 P. (2d) at 79.

The California Court felt this conclusion logically followed from a defendant's due process right to the effective assistance of counsel.

Respondent directs our attention to several cases where the appellate courts of other states have refused to follow *Gordon: Shelmidine v. Jones,* 550 P. (2d) 207 (Utah 1976); *State v. Pfeiffer,* 25 Or. App. 45, 548 P. (2d) 174 (1976); *Ex Parte Ross,* 522 S. W. (2d) 214 (Tex. Cr. App. 1975); *In re: Application of Hewitt,* 81 Misc. (2d) 202, 365 N. Y. S. (2d) 760 (N. Y. 1976); and *Thomas v. Justice Court of Washakie County,* 538 P. (2d) 42 (Wyo. 1975.).

The decisions of other state appellate courts on similar questions may offer this Court guidance, but the wide variety in state court systems renders such determinations mildly persuasive at best. *Treiman v. State Ex Rel. Miner,* 343 So. (2d) 819 (Fla. 1977). Each state must decide whether the use of non-lawyer judges in a criminal proceeding under the existing laws of that state violates the defendant's rights to a fair trial and due process. *People v. Sabri,* 47 Ill. App. (3d) 962, 6 Ill. Dec. 104, 362 N. E. (2d) 739 (1977).

In South Carolina jurisdiction of certain minor criminal offenses is vested in magistrates' courts. There is no requirement that magistrates be attorneys, and although some magistrates are attorneys it is more common for the office to be held by a nonattorney. The magistrates are paid salaries and receive no part of the fees they collect. Section 22-7-30 and Section 22-7-40, 1976 Code. Thus they are free to be independent and neutral in their judgment.

At his trial appellant knowingly and intelligently waived his right to the assistance of counsel. While we feel appellant also waived his right to present the argument that he was thereby denied the effective assistance of counsel, we find no merit to the substance of appellant's argument.

As stated in *Ditty v. Hampton, supra:* Due process, as regards the tribunal hearing a case, usually has been considered to require only that the tribunal be fair and impartial. *In re Murchinson,* 349 U. S. 133, 75 S. Ct. 623, 99 L. Ed. 942. The function of the court is not to defend the accused, or to represent him, but to decide fairly and impartially. An accused needs counsel to defend him, . . . . But the judge is not one of the accused's adversaries, and is not there either to defend or to prosecute him. So the fact that the accused needs a lawyer to defend him does not mean that he needs to be tried before a lawyer judge.

Also, we think it is clear, accepting due process as a living principle, that advancing standards or changing condi-

tions have not yet made the lawyer judge a condition of fundamental fairness. 490 S. W. (2d) at 774, 775.

Should it occur in this State that the arguments of a defendant's counsel fall on the ear of a nonattorney magistrate who erroneously applies an incorrect principle of law, the defendant may appeal, demonstrate the error to the appellate court, and receive a new trial. It is often said due process entitles a criminal defendant to a fair trial, not a perfect one. Due process requires a criminal defendant be given a fair trial before an impartial judge and unprejudiced jury in an atmosphere of judicial calm. While due process may perhaps be met in the first instance by requiring that all judges be lawyers, it is equally guaranteed through the appeals process. *Young v. Konz,* 88 Wash. (2d) 276, 558 P. (2d) 791 (1977).

In *Treiman v. State Ex Rel. Miner, supra,* the Supreme Court of Florida considered Florida's use of lay judges in the light of *North v. Russell.* Like South Carolina's court system, Florida's system does not provide a defendant tried before a lay judge the right to a de novo trial before an attorney judge. The Florida Court stated:

We agree with appellees, that, after *Argersinger v. Hamlin,* 407 U. S. 25, 92 S. Ct. 2006, 32 L. Ed. (2d) 530, it is clear that a judge who is ignorant of the law cannot afford due process of law to an individual facing imprisonment upon conviction. We do not agree that a judge who makes such a determination must necessarily be a member of the Florida Bar. Cf. *Shadwick v. City of Tampa,* 407 U. S. 345, 92 S. Ct. 2119, 32 L. Ed. (2d) 783 (1972).

A program of judicial education had been initiated in Florida in 1974, and the Florida Court noted that County Judge Treiman, a lay judge, was enrolled in that program.

The Court held:

We hold that those judges who properly complete the educational program, including examinations to test their proficiency, may preside over criminal misdemeanor cases as described above. Our ruling operates prospectively only, . . . 343 So. (2d) at 824.

Such a program of judicial education for magistrates is conducted in South Carolina by the Office of Court Administration.[4] This program supplies the legal training considered by the Florida Court as necessary to adequately supply the due process safeguards.

The Arizona Supreme Court approached the question of the use of lay judges in *Palmer v. Superior Court,* 114 Ariz. 279, 560 P. (2d) 797 (1977). In Arizona jurisdiction of certain minor offenses is vested in justice courts that are presided over by judges who are not required to be attorneys. Although Arizona does not give a criminal defendant the right to a trial de novo before an attorney judge, a transcript is made of the proceedings in the justice court so that the proceedings may be fully reviewed on appeal by an attorney judge. The appellate court has the authority to grant the defendant a trial de novo if the transcript indicates the trial was deficient in some respect. The Arizona Court felt this procedure met the requirements of fairness and due process while avoiding the costs and delay of two complete trials.

In this State Section 22-3-790, 1976 Code, requires the testimony of witnesses in a criminal proceeding in the magistrate's court be taken down in writing:

In the trial of any case before a magistrate the testimony of all witnesses shall be taken down in writing and signed by

---

4 Respondent's brief indicates Judge Brown has attended the following schools conducted by the Office of Court Administration: Preliminary Examinations, Judicial Education, Code of Laws, Objections to Evidence, Civil Procedure, Justification and Excuse, Bail and Recognizance, Bail in Criminal Cases, Sentencing, Offenses Against Property, Dog Law, Sex Crimes Law, Question and Answer, Fraudulent Checks, and Bond Proceedings.

the witness except when the defendant shall waive the taking and signing of such testimony.

In any case before any magistrate in which a stenographer shall take down such testimony it need not be read over and signed by the witnesses.

Under Section 18-3-70, 1976 Code, the appellate court may, upon review of the proceedings in the magistrate's court, grant a defendant a new trial.

We agree with the Florida Court that a criminal defendant facing potential imprisonment can be afforded due process by a magistrate who is not an attorney, and with the Arizona Court that due process does not automatically entitle a criminal defendant to a trial de novo if he was tried before a lay magistrate. Appellant was tried before an impartial magistrate and was entitled to the appropriate relief of modification, reversal or a new trial if Judge Morrison, upon review of the proceedings before Judge Brown, determined the magistrate erred. Judge Morrison's order was then appealed to this Court by virtue of appellant's right to have his conviction in the magistrate's court receive an additional review by the South Carolina Supreme Court. This two-stage appeal is an appeal of right that is enjoyed by every criminal defendant tried in the magistrate's court. Due process requires no more than this.

The use of lay magistrates in South Carolina predates the Constitution of 1895. In 1972 the citizens of this State approved the continued use of lay magistrates by ratifying the revisions to Article V Section 23 of our Constitution. This provision contains no requirement that magistrates be members of the South Carolina Bar. In the absence of such a restriction the power of the legislature is plenary and the General Assembly is free to provide for the use of nonattorney magistrates. This it has done.

Should it be determined that a change from lay magistrates to attorney magistrates is appropriate, the Constitution sets forth procedures for such change by the legislature.

Appellant next contends Judge Morrison erred by reviewing the proceedings in the magistrate's court against the standard of actual prejudice. Appellant compares the absence of an attorney judge to the denial of the right to the assistance of counsel, and argues that both produce inherent prejudice. In view of our determination that due process does not entitle a criminal defendant to a trial before an attorney magistrate, appellant could have been denied due process of law only if he had suffered actual prejudice.

Appellant further contends he was denied the equal protection of the law by being required to stand trial before a lay magistrate whereas if he had been arrested in a different magisterial district he would have been tried before an attorney magistrate. While it is true that some magistrates are attorneys, although most are not, this disparity does not arise from any classification promulgated or administered by this State. All magistrates are similarly qualified under the South Carolina Constitution and Code of Laws. Accordingly, appellant's exception is outside the scope of the Fourteenth Amendment. *Adickes v. Kress & Co.*, 398 U. S. 144, 90 S. Ct. 1598, 26 L. Ed. (2d) 142 (1970).

Throughout this opinion we do not lose sight of the fact that at trial appellant waived his right to the assistance of counsel and pled guilty to petit larceny. Appellant confirmed his guilt in his statements to the magistrate in plea of mitigation of sentence, presented no issues requiring a legal ruling from Judge Brown, and on appeal raises no objection to the adequacy of the proceedings in the magistrate's court. Simply put, appellant contends due process requires that his guilty plea be heard by an attorney magistrate. We are not persuaded.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.