659 P.2d 654

Germaine CAIN, Petitioner/Appellant,

v.

The CITY COURT OF the CITY OF TUC-SON, Pima County, State of Arizona; Bram Goldman, City Magistrate; and Hon. James M. Wilkes, Judge Pro Tempore of Superior Court of the State of Arizona, Respondent,

and

OFFICE OF the CITY PROSECUTOR, Real Party in Interest/Appellee.

No. 2 CA-CIV 4268.

Court of Appeals of Arizona, Division 2.

June 28, 1982.

Rehearing Denied Oct. 7, 1982.

Review Granted Nov. 16, 1982.

Stephen Paul Barnard, Tucson, for petitioner/appellant.

Frederick S. Dean, City Atty. by R. William Call and Tobin Rosen, Asst. City Attys., Tucson, for real party in interest/appellee.

## OPINION

HATHAWAY, Judge.

The defendant, charged with DWI in the Tucson City Court, filed a notice of change of judge pursuant to 17 A.R.S., Rules of Criminal Procedure, Rule 10.2. The request was denied. A petition for special action to review the denial was filed in the superior court and denied. This appeal followed.

Rule 10.2 affords a peremptory change of judge in superior court. In *Anagnostos v. Truman,* 25 Ariz.App. 190, 541 P.2d 1174 (1975), we held that the rule specifically allowed the peremptory challenge of a judge *only* at the superior court level and not in the city court. Appellant argues that the basic difference in the administration of justice between inferior courts and courts of record, referred to in *Anagnostos* as a reason for allowing a different procedure in a change of judge situation, has been abolished.

It is contended that a peremptory challenge must be allowed in city court, as in superior court, to prevent a denial of equal protection and to ensure fairness to the parties. It is urged that, since appeals from the city court are not by trial de novo, when the record includes a transcript of proceedings, the city court has become the equivalent of a court of record and the rule for change of judge upon request should be available in city court as in superior court. We disagree.

In *Palmer v. Superior Court,* 114 Ariz. 279, 560 P.2d 797 (1977), the supreme court rejected a similar argument that justice courts were transformed by A.R.S. §§ 22–371 and 22–374 into courts of record in violation of art. 6, § 30 of the Arizona Constitution. In *Anagnostos,* we noted generally basic differences in the administration of justice between inferior court and courts of record that allowed a different procedure for change of judge. In *North v. Russell,* 427 U.S. 328, 96 S.Ct. 2709, 49 L.Ed.2d 534 (1976), the court commented:

"It must be recognized that there is a wide gap between the functions of a

judge of a court of general jurisdiction, dealing with complex litigation, and the functions of a local police court judge trying a typical 'drunk' driver case or other traffic violations." 427 U.S. at 334, 96 S.Ct. at 2712.

We also observe that the U.S. District Court has no rule or statute allowing a change of judge without cause.

Aside from the vast jurisdictional difference between the courts, the basic structures of the city court pose obstacles to applying the rule there. The superior court is a single, statewide court of general jurisdiction. Individual city courts, providing for speedy resolution of minor offenses, afford varying degrees of facility to peremptory challenges of judges. Were city magistrates susceptible to peremptory challenges, a reserve of replacement judges is not readily available except in a city with a multi-judge court. Whether a rule implementing such a procedure is warranted is for the supreme court to decide. Not having encompassed inferior courts within the rule, it is apparent that the supreme court is of the view that a change of judge request is not merited in inferior courts.

Affirmed.

HOWARD, C.J., and BIRDSALL, J., concur.