659 P.2d 649

Germaine CAIN, Petitioner/Appellant,

v.

The CITY COURT OF the CITY OF TUCSON, Pima County, State of Arizona; Bram Goldman, City Magistrate; and Hon. James M. Wilkes, Judge Pro Tempore of Superior Court of the State of Arizona, Respondent,

and

OFFICE OF the CITY PROSECUTOR, Real Party in Interest/Appellee.

No. 16261–PR.

Supreme Court of Arizona, In Banc.

Feb. 15, 1983.

Stephen Paul Barnard, Tucson, for petitioner/appellant.

Frederick S. Dean, City Atty. by R. William Call and Tobin Rosen, Asst. City At-

tys., Tucson, for real party in interest/appellee.

CAMERON, Justice.

We granted the petition for review of Germaine Cain of a decision of the Court of Appeals which affirmed the denial of her request for a peremptory change of judge in the municipal court. We have jurisdiction pursuant to A.R.S. § 12–120.24.

We must consider only one issue on review. Are parties to criminal cases in non-record courts entitled to a peremptory change of judge as a matter of fairness?

The facts necessary to a determination of this matter are as follows. On 4 January 1981, Germaine Cain was arrested and charged with driving while intoxicated. A.R.S. § 28–692. A complaint was filed in the municipal court of Tucson, and the case was assigned to a particular judge. Cain filed a Notice of Change of Judge, claiming the right to a peremptory change of judge under Rule 10.2, Arizona Rules of Criminal Procedure, 17 A.R.S. The judge denied the request, in a minute entry dated 26 March 1981, stating that Rule 10.2 applied only to the Superior Court. Cain then filed a Petition for Special Action in the Pima County Superior Court. The Superior Court upheld the municipal court, also stating that Rule 10.2 is limited to actions in Superior Court. Cain appealed to Division Two of the Court of Appeals, which affirmed the decisions of the Superior and City Courts. *Cain v. City Court of Tucson,* 135 Ariz. 101, 659 P.2d 654 (1982). We accepted jurisdiction of Cain's petition for review of the opinion and decision of the Court of Appeals.

Rule 10.2 allows a peremptory change of judge, but specifically applies only to cases in Superior Court. The rule states:

"Rule 10.2 Change of judge upon request

a. Entitlement. In any criminal case in *Superior Court,* any party shall be entitled to request a change of judge." Arizona Rules of Criminal Procedure, 17 A.R.S. (Emphasis added.)

In *Anagnostos v. Truman,* 25 Ariz.App. 190, 541 P.2d 1174 (1975), our Court of Appeals interpreted this language to exclude application of the rule to non-record courts such as a municipal court. This interpretation of Rule 10.2 was sound when contrasted with Rule 10.1 which allows challenge to judges "for cause" in "any criminal case." Thus, while a challenge for cause is allowed by Rule 10.1 in any criminal case both in record and non-record courts, the peremptory challenge allowed by Rule 10.2 is, by its specific language, limited to the Superior Court. Cain contends, however, that there has been a significant change in the rules and operations of non-record courts that justifies granting peremptory challenges as a matter of fairness. We agree.

Prior to *Anagnostos,* supra, a defendant could appeal from a non-record court to the Superior Court and be entitled to a trial de novo. Effective in 1975, however, the legislature amended A.R.S. § 22–371 to allow a transcript of proceedings to be made in criminal cases in non-record courts. A.R.S. § 22–371(C). *See also* Rule 2, Superior Court Rules of Appellate Procedure—Criminal, 17A A.R.S. Pursuant to this change, if such a transcript is made, and if the Superior Court deems the record to be adequate, the appeal is on the record only, not de novo. A.R.S. § 22–374(A). While this does not transform the non-record courts into "courts of record" as used by our constitution, *Palmer v. Superior Court of Maricopa Cty.,* 114 Ariz. 279, 280, 560 P.2d 797, 798 (1977), it does act to deny the parties a trial de novo in Superior Court in many if not most cases.

In *State ex rel Purcell v. City Court of City of Phoenix,* 112 Ariz. 517, 543 P.2d 1146 (1975), we held that this change in operations entitled parties in non-record court proceedings to conduct discovery "as a matter of fairness and not under the specific provisions of Rule 15 * * * Rules of

Criminal Procedure[,]" which also expressly applied only to actions in Superior Court. We stated:

"Where the defendant is not entitled to a trial de novo on appeal, the spirit of the Rules of Criminal Procedure must be applied to ensure fairness to the parties." 112 Ariz. at 518, 543 P.2d at 1147.

The right to peremptory disqualification of judges in Superior Court is set out in Rule 42(f), Arizona Rules of Civil Procedure, 16 A.R.S., for civil cases, and Rule 10.2, Arizona Rules of Criminal Procedure, 17 A.R.S., for criminal cases. We believe that where there is no longer a right to a de novo review of decisions of the non-record courts, the parties to criminal actions in non-record courts should have, as a matter of fairness, the same right to peremptory challenges as parties in Superior Court. *See State ex rel Purcell v. City Court of City of Phoenix,* supra.

We therefore hold that Cain should have been allowed to exercise one peremptory change of judge. As we suggested in *State ex rel Purcell v. City Court of City of Phoenix,* supra, to give guidance in future cases,

"[t]he local rules of the forum should provide the method and time limitations on the exercise of [these] rights. In the absence of such rules, the court may exercise its reasonable discretion * * *." 112 Ariz. at 518, 543 P.2d at 1147.

Our decision in this matter is to be given prospective application only.

The decision and opinion of the Court of Appeals is vacated. The case is remanded to the City Court of Tucson with directions to grant defendant Cain's request for change of judge.

Reversed and remanded.

HOLOHAN, C.J., and GORDON, V.C.J., concur.

HAYS, Justice, dissenting:

According to the majority, we, in the ivory towers of appellate "never-never land," have a new standard with which to test constraints of procedural law. The beautifully subjective standard is fairness. From now on, the law will be administered with fairness, even if a few hard cases make bad law. No need for this court to supply rules where rules are lacking, for all we have to do is apply the fairness test.

I am well aware that I authored *State ex rel. Purcell v. City Court of Phoenix,* 112 Ariz. 517, 543 P.2d 1146 (1975), which established this fairness standard. However, I would rather see us follow the orderly established manner in amending or adding to the rules of procedure.

My main concern lies, however, in the effect this "new rule" will have on the various city courts throughout the state. The point is well expressed in the Court of Appeals opinion which the decision of this court vacates. Judge Hathaway, writing for the court, says:

"Aside from the vast jurisdictional difference between the courts, the basic structures of the city court pose obstacles to applying the rule there. The superior court is a single, statewide court of general jurisdiction. Individual city courts, providing for speedy resolution of minor offenses, afford varying degrees of facility to peremptory challenges of judges. Were city magistrates susceptible to peremptory challenges, a reserve of replacement judges is not readily available except in a city with a multi-judge court. Whether a rule implementing such a procedure is warranted is for the supreme court to decide. Not having encompassed inferior courts within the rule, it is apparent that the supreme court is of the view that a change of judge request is not merited in inferior courts."

*Cain v. The City Court of the City of Tucson,* 135 Ariz. 101, 659 P.2d 654 (1982).

I dissent.

Note: Justice FELDMAN did not participate in the determination of this matter.