**Tim CANADAY, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**Don MANNING, Jr., Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**Nos. 83–241, 83–242.**

Supreme Court of Wyoming.

Sept. 17, 1984.

Leonard D. Munker, State Public Defender and Sylvia Lee Hackl, Appellate Counsel (argued), Wyoming Public Defender Program, Cheyenne, for appellants.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Senior Asst. Atty. Gen., and Jennifer Hager, Legal Intern (argued), for appellee.

Before ROONEY, C.J., and THOMAS, ROSE, BROWN and CARDINE, JJ.

CARDINE, Justice.

Appellants Canaday and Manning were tried and convicted of misdemeanor charges in justice of the peace court and appealed from their respective convictions. Both defendants were represented by counsel. District court, on appeal, after hearing arguments and reviewing a transcript of the proceedings, affirmed the convictions.

Appellants present a single issue for review:

"Whether a trial before a non-lawyer justice of the peace denies a defendant his constitutionally-guaranteed right to. due process of law."

Appellants are not alleging that specific errors occurred during the trial, but rather contend that the trial before a non-attorney judge is, per se, a violation of due process.

The United States Supreme Court upheld Kentucky's court system which provided for trials before a non-lawyer police court judge with a later trial de novo available under the state's two-tier court system. In *North v. Russell*, 427 U.S. 328, 96 S.Ct. 2709, 49 L.Ed.2d 534 (1976), they stated:

"Our concern in prior cases with judicial functions being performed by nonjudicial officers has also been directed at the need for independent, neutral, and detached judgment, not at legal training." 96 S.Ct. at 2713.

The Court also noted

" * * * that the justifications urged by States for continuing such tribunals are the 'increasing burdens on state judiciaries' and the 'interest of both the defendant and the State, to provide speedier and less costly adjudications' than those provided in courts 'where the full range of constitutional guarantees is available. * * * ' Moreover, state policy takes into account that it is a convenience to those charged to be tried in or near their own community, rather than travel to a distant court where a lawyer-trained judge is provided, and to have the option, as here, of a trial after regular business hours." (Citation omitted.) 96 S.Ct. at 2713.

Various states have held that a violation of due process does not occur when the defendant has a right to trial de novo. *Young v. Konz*, 91 Wash.2d 532, 588 P.2d 1360 (1979); *Conkling v. Pollock*, 27 Ariz. App. 670, 558 P.2d 35 (1976) (there are no transcripts of proceedings in city court); *People v. Skrynski*, 42 N.Y.2d 218, 397 N.Y.S.2d 707, 366 N.E.2d 797 (1977) (a procedure is available to remove a criminal proceeding to a superior court). The Supreme Court has not specifically addressed the issue of whether a trial before a non-attorney judge would meet constitutional requirements when a trial de novo is unavailable.

In Wyoming the office of the justice of the peace is created by statutory authority. The only requirement necessary to be a justice of the peace is that the person be a qualified elector of the county.[1]

If a defendant is convicted by a justice of the peace, he has a right to appeal that conviction to the district court. All criminal cases tried before a justice of the peace must be recorded and a typewritten transcript may be requested.[2] Therefore, although a defendant does not have a right to a trial de novo before the district court, the proceedings in the justice of the peace courts are recorded and the testimony of witnesses and the record is available for review upon appeal. The provision for appeal upon the record made in justice court is unlike similar proceedings in other states which, in the absence of a record, provide for a trial de novo. An appeal to a law-trained judge in district court, upon the

---

1. Section 5–4–201(b), W.S.1977, Cum.Supp.1983, provides in part:

"(b) To be eligible for election or appointment to the office of justice of the peace, a person shall be a qualified elector of the county in which he seeks the office of justice of the peace. * * * "

2. Rule 10(k), W.R.Cr.P.J.C., provides in part:

"All criminal cases tried before a justice or a jury shall be recorded either electronically or stenographically. * * * "

justice court record, is intended to provide the due process safeguards.

We held in *Thomas v. Justice Court of Washakie County*, Wyo., 538 P.2d 42 (1975), that a non-attorney judge at a preliminary hearing was adequate to satisfy due process specifications. We, however, did not address the question of the constitutionality of having a non-attorney judge preside at trial.

Appellant would have us adopt the reasoning of *Gordon v. Justice Court for Yuba Judicial District of Sutter County*, 12 Cal.3d 323, 115 Cal.Rptr. 632, 525 P.2d 72, 71 A.L.R.3d 551 (1974), which held that a trial must be presided over by a lawyer judge and stated that:

"Whatever the justification for permitting laymen to preside over criminal trials in the 1800's, it is a well-recognized principle that even long-standing practices are subject to constitutional scrutiny and must meet the advancing standards of due process. As Mr. Justice Frankfurter noted in *Wolf v. Colorado*, 338 U.S. 25, 27, 69 S.Ct. 1359, 1361, 93 L.Ed. 1782, 'Due process of law thus conveys neither formal nor fixed nor narrow requirements. It is the compendious expression for all those rights which the courts must enforce because they are basic to our free society. But basic rights do not become petrified as of any one time, even though, as a matter of human experience, some may not too rhetorically be called eternal verities. It is of the very nature of a free society to advance in its standards of what is deemed reasonable and right. Representing as it does a living principle, due process is not confined within a permanent catalogue of what may at a given time be deemed the limits or the essentials of fundamental rights.'" 525 P.2d at 75.

The court also stated that:

"The United States Supreme Court has recognized that the legal and constitutional issues involved in a misdemeanor case may be as complex as those involved in a trial for a more serious offense. (See *Argersinger v. Hamlin, supra*, 407 U.S. 25, 33, 92 S.Ct. 2006, 32 L.Ed.2d 530.) There is little guarantee that the background of a non-attorney judge will have prepared him to recognize these issues and resolve them according to established legal principles." (Footnote omitted.) 525 P.2d at 76.

The California court relied on *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972) [3] for the proposition that there is an inherent inconsistency in guaranteeing a defendant an attorney to represent him without providing a lawyer judge to preside at those proceedings. At least one other jurisdiction has followed this reasoning. *State v. Dunkerley*, 134 Vt. 523, 365 A.2d 131 (1976). We note, however, that the proceedings in California are not recorded as they are in Wyoming.

The other cases which appellant cites as support for our adoption of the Gordon rule are easily distinguishable and turn on the guarantees of fair trial rather than the fact that the judge is a non-attorney. *Ward v. Village of Monroeville*, Ohio, 409 U.S. 57, 93 S.Ct. 80, 34 L.Ed.2d 267 (1972) (a mayor judge who is responsible for revenue production is not constitutionally acceptable since his interest in the finances negates the impartiality required even though trial de novo and appeal is available). Even trial de novo does not cure a defect at the initial trial when defendant is deprived of a neutral and independent judge. *Iglesias-Delgado v. Rivera-Rivera*, 430 F.Supp. 309 (D.C.P.R.1976) (the judge exercised the function of the judge and the prosecutor). One system was overturned because in order to get a trial de novo, one had to post a bond and the lower courts were not courts of record. This was deemed unconstitutional because indigents did not get adequate due process. However, a non-attorney judge was

**3.** *Argersinger v. Hamlin* held that a person may not be imprisoned for any offense unless he was represented by counsel at trial.

deemed sufficient if there were equal access to an attorney judge. *LeCates v. Justice of the Peace Court, No. 4 of State of Delaware*, 637 F.2d 898 (3rd Cir.1980).

We find the reasoning of jurisdictions which uphold the constitutionality of non-attorney judges persuasive. Arizona held, in *Palmer v. Superior Court In and For Maricopa County*, 114 Ariz. 279, 560 P.2d 797 (1977), that when a non-attorney judge is paid a fixed salary and receives no part of the fine, he is free to be independent and neutral in his judgment. The court system and procedure, therefore, does not violate due process especially where the record of the proceeding provides an opportunity for a meaningful and complete judicial review by a law-trained judge.

New Mexico disagreed with the Gordon, supra, interpretation of fairness:

"Implicit in this interpretation is that the judge is the guardian of the rights of the defendant. However, our legal system is primarily of an adversary nature, and the guardianship of the defendant's rights lies chiefly with his attorney, not the judge. Rights not asserted by the defendant's attorney generally are waived. Furthermore, it is not the function of the judge to second guess the tactics or strategies of the defendant's attorney at each step of the defense of an accused. The judge's major function is to determine which of two espoused viewpoints—the attorney's or the prosecutor's—is applicable to the facts of the case before him. An unbiased and reasonably intelligent person should be able to choose fairly between such espoused viewpoints. Fairness in this context is not critically dependent upon the judge being a member of the bar; a judge must have wisdom and common sense which are at least as dependable as an education in guaranteeing the defendant a fair trial. As with district court judges, as a last resort the appellate process is able to correct the mistakes of law of a municipal court judge. We therefore hold that fairness is not so inextricably tied to the education of an attorney that without

such an education a municipal court judge cannot be fair." (Footnotes omitted.) *Tsiosdia v. Rainaldi*, 89 N.M. 70, 547 P.2d 553, 555 (1976).

█ Although Utah's system is different from ours in that their justices of the peace are constitutionally created rather than statutorily, part of their rationale upholding non-attorney judges is applicable. *Shelmidine v. Jones*, Utah, 550 P.2d 207 (1976). They stated at p. 211:

"It is thus seen that in a considerable portion of our State there are some very practical problems in placing restrictions upon justices of the peace and requiring professionalized courts to handle minor offenses. If it were not for those justices in our sparsely populated rural counties an accused would often encounter inconvenience in delay of time and distance of travel before he could have his case disposed of. It seems to be a sound observation that our justice of the peace system has and continues to serve a useful purpose by providing a readily accessible and expeditious means of handling of minor cases; and that it is more of an aid in assuring the constitutional guarantees of a speedy disposition of one's case, and thus of due process of law, than the contrary." (Footnote omitted.)

Other jurisdictions have approved non-attorney judges when a record is available for review by a lawyer judge. *State v. Duncan*, 269 S.C. 510, 238 S.E.2d 205 (1977); *Treiman v. State, ex rel. Miner*, Fla., 343 So.2d 819 (1977) (a non-attorney judge is acceptable if he has completed the state training program); *People v. Sabri*, 47 Ill.App.3d 962, 6 Ill.Dec. 104, 362 N.E.2d 739 (1977); *Ex parte Ross*, Tex.Cr.App., 522 S.W.2d 214, cert. denied 423 U.S. 1018, 96 S.Ct. 454, 46 L.Ed.2d 390 (1975).

Justices of the peace in this state are paid a fixed salary. They receive no part of fines, nor is their pay dependent upon fines collected. Justice of the peace courts are courts of record; and appeal to a lawyer judge, upon the record made at trial, is available. We hold, therefore, that appel-

lants' due process rights were not violated by a trial presided over by a non-attorney judge in these circumstances. The decisions of the district court affirming the convictions of the justice of the peace court are affirmed.

ROSE, Justice, dissenting.

Nine years ago this court held in *Thomas v. Justice Court of Washakie County*, Wyo., 538 P.2d 42 (1975) that a preliminary hearing conducted by a nonlawyer justice of the peace does not abridge a criminal defendant's fundamental right to due process of law. I dissented in that case on the ground that the defendant's constitutional right to representation by an attorney during the preliminary hearing encompasses a right to a judge trained in the law and equipped to respond to the attorney's legal arguments. I also dissented in that case because of my concern that the majority position portended an unacceptable and impermissible erosion of the criminal defendant's rights to fair treatment in the courts of this state. I harbored those concerns notwithstanding the majority's assurances that a preliminary hearing differs significantly from a misdemeanor trial and, therefore, a nonlawyer judge at the hearing satisfies due-process demands. The court said:

> " * * * We think there is an important and obvious distinction [between a misdemeanor trial and a felony preliminary hearing]. *The finding of guilty in the misdemeanor trial* (subject only to a right of appeal which is specifically rejected by the California court [in *Gordon v. Justice Court for the Yuba Judicial District*, 12 Cal.3d 323, 115 Cal.Rptr. 632, 525 P.2d 72 (1974) ] as being a ready source of relief) *is a final judgment; the finding of probable cause after the preliminary hearing determines only the propriety of a trial, complete in*

*every way with every protection that the constitution, laws and decisions of this state have been able to develop.* The problems which the California court lists as presenting difficult legal questions in misdemeanor trials necessitating the presence of a lawyer-justice * * * are inapplicable to preliminary examinations wherein procedures are historically more informal and the only question is whether there is probable cause to conclude that a crime has been committed and that the accused has committed it." (Emphasis added.) 538 P.2d at 47.

Today a majority of this court hold that the protections provided by our Constitution, laws and judicial decisions do not include a determination of guilt before a lawyer justice of the peace, even though the possibility of a jail sentence would entitle the defendant to representation by a lawyer. The majority approve the lay justice system because (1) justices of the peace receive a fixed salary, independent of fines collected, (2) court proceedings are recorded, and (3) the defendant has a right to appellate review of the record. While I agree that these factors contribute to a fair trial, I fail to see how they address the crucial matter of the inconsistency in affording a defendant an attorney to represent him without providing an attorney judge to hear and rule upon counsel's arguments.

## LEGISLATIVE BACKGROUND

Pursuant to Art. 5, § 1 of the Wyoming Constitution,[1] § 5–4–101, W.S.1977 provides for justice of the peace courts, and in 1978 the legislature mandated the establishment of county courts in counties with populations exceeding 30,000 inhabitants, § 5–5–102, W.S.1977, 1984 Cum.Supp.[2] Only individuals authorized to practice law in Wyoming may preside over county

---

**1.** Article 5, § 1 of the Wyoming Constitution provides:

"The judicial power of the state shall be vested in the senate, sitting as a court of impeachment, in a supreme court, district courts, and such subordinate courts as the legislature

may, by general law, establish and ordain from time to time."

**2.** County court systems are optional in counties having a population under 30,000. Section 5–5–103, W.S.1977, 1984 Cum.Supp.

courts, § 5–5–112, W.S.1977, 1984 Cum. Supp., whereas nonlawyers are eligible to serve as justices of the peace, § 5–4–201, W.S.1977, 1984 Cum.Supp.

Justices of the peace have jurisdiction to hear criminal cases resulting in imprisonment of up to six months in jail and $750 in fines. Section 7–16–101, W.S.1977. If convicted before a justice of the peace, the defendant has a right to an appeal on the record to the district court. Rule 1.03, W.R.A.P.C.L.J.

## THE CRIMINAL DEFENDANT'S RIGHT TO A JUSTICE OF THE PEACE TRAINED IN THE LAW

The United States Supreme Court held in *Argersinger v. Hamlin,* 407 U.S. 25, 37, 92 S.Ct. 2006, 2012, 32 L.Ed.2d 530 (1972), that, absent proper waiver,

" * * * no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial."

In support of its holding, the Court observed that the legal and constitutional questions raised in a misdemeanor case may be as complex as those involved in a trial for a more serious offense. 407 U.S. at 33, 92 S.Ct. at 2010.

Since, under Argersinger, the accused has a Sixth Amendment right to an attorney who can recognize and raise these complex issues, it follows that a fair trial must also include a judge learned in the law who can understand the attorney. That is the critical issue in this appeal as it was in *Thomas v. Justice Court of Washakie County, supra,* 538 P.2d at 54:

"If 'erroneous or improper prosecution' (*Coleman* [*v. Alabama,* 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 287 (1970)] takes place and the lawyer is present to call these intricate matters to the court's attention, must not there be someone learned in legal matters present to hear

the call? *Isn't that the other half of giving the defendant the full measure of his due process protection?"*

A justice of the peace presiding over a criminal trial faces many difficult legal problems. He is expected to conduct jury trials since our state Constitution entitles the accused to a trial by jury.[3] In these cases he must determine the proper scope of voir dire, the prejudicial effect of evidence, the propriety of the attorneys' arguments, and the adequacy of instructions. In all trials he must resolve questions pertaining to tactics, admissibility of evidence and procedure.

In connection with the acceptance of guilty pleas, the justice of the peace must extensively examine the defendant to insure that the plea is voluntary and supported by facts, and that the defendant understands the nature of the charge against him, the possible penalties and the waiver of constitutional rights. Rule 9, W.R.Cr.P.J.C. Sentencing decisions made by all judges, including justices of the peace, must include consideration of probation as an alternative to incarceration, the nature of the offense, and the character of the defendant, and should reflect the purposes of punishment. *Wright v. State,* Wyo., 670 P.2d 1090 (1983); *Daniel v. State,* Wyo., 644 P.2d 172 (1982).

Before we ask the justice of the peace to perform these functions with these high human stakes, I feel that he should have the advantage of an educational background which would permit him to discharge his professional duties confidently, accurately and with full protection to the accused. As presiding judge he bears the brunt of the responsibility for providing the accused a fair trial. I would hold that it must be presumed that he cannot fulfill this responsibility unless he is learned in the law and able to provide professional leadership, guidance, and judgment.[4] For

---

**3.** Article 1, § 9, Wyoming Constitution.

**4.** The Third Circuit Court of Appeals in *Lecates v. Justice of the Peace Court No. 4 of the State of*

*Delaware,* 637 F.2d 898, 910 (3rd Cir.1980), observed:

" * * * A judge devoid of training in the complexities of the law, the subtleties of legal reasoning, or the methodology of legal re-

an excellent analysis of the presiding judge's role in insuring a fair trial, see *Gordon v. Justice Court for Yuba Judicial District of Sutter County*, 115 Cal. Rptr. 632, 525 P.2d 72 (1974).

I cannot agree with the majority that the right to an appeal on the record from a justice court judgment satisfies the requirements of due process. The defendant has a right to a fair and proper proceeding in the first instance. I would adopt that said by the California Supreme Court in *Gordon v. Justice Court for Yuba Judicial District of Sutter County, supra*, 525 P.2d at 77:

> " * * * 'Availability of appeal often falls short of sufficient protection [of a defendant's fundamental right to a fair trial], since "the burden, expense and delay involved in a trial render an appeal from an eventual judgment an inadequate remedy." (*Brown v. Superior Court* (1949) 34 Cal.2d 559, 562, 212 P.2d 878.)' * * * " Quoting from *Maine v. Superior Court of Mendocino County*, 68 Cal.2d 375, 378, 66 Cal.Rptr. 724, 726, 438 P.2d 372, 374 (1968).

The observations in this dissenting opinion may not rightfully be interpreted as a criticism of the work of the lay justices of the peace in this state, for I know at first hand their excellent efforts in the criminal-justice system. The issue, however, is whether due process requires that those presiding over criminal trials possess a background in the law. I would repeat in this regard my dissenting remarks in *Thomas v. Justice Court of Washakie County, supra:*

> search may tend to decide each matter according to personal predilection or assumption. The command of statutes and the teach-

"It would have done Einstein no good to have explained his theory of relativity to me. I would not have understood it. I am not *equipped* to understand it. The same, I feel, applies to a layman justice of the peace in preliminary hearing matters in Wyoming. It is no criticism of the justice of the peace—to the contrary—it is a criticism of the system which places such a heavy burden of responsibility upon untrained people in an area of human relations that demands training and professionalism." 538 P.2d at 54.

I realize that a holding in line with my interpretation of the law would upset the justice of the peace program in the sparsely populated counties of this state. However, as I observed in *Thomas v. Justice Court of Washakie County, supra:*

> " * * * The accused's constitutional rights are the paramount issue even though an unsettling of the established order of things may be the result." 538 P.2d at 56.

Since the right of the accused to an attorney by his side encompasses the right to a trial conducted by a judge educated and experienced in the law, I would have reversed and permitted the legislature to establish a criminal judicial system in line with the requirements of due process.

> ings of precedents may well be ignored in such a process."