## IN THE MATTER OF JUDICIAL INTERPRETATION OF 1975 SENATE ENROLLED ACT NO. 441.

[No. 875S182A. Filed August 1, 1975.]

GIVAN, C.J.—Traditionally the Supreme Court does not issue opinions *sua sponte*. However, in exceptional cases such as Senate Enrolled Act No. 441, wherein questions are presented which directly concern this Court, we have no choice but to issue an opinion stating our interpretation of the statute.

In *Ex Parte Griffiths, Reporter,* (1889) 118 Ind. 83, 20 N.E. 513, the reporter petitioned the Court to determine the constitutionality of a statute requiring the Supreme Court to make a syllabus of each opinion. The Court stated:

"We have no doubt that it is our right and our duty to give judgment upon the questions we have stated, because

they directly concern the rights, powers and functions of the court, and no other tribunal can determine for us what our rights, duties and functions are under the Constitution."

The same principle was affirmed and applied by the Court in *Ex Parte France*, (1911) 176 Ind. 72, 95 N.E. 515, *Ex Parte Sweeney*, (1891) 126 Ind. 583, 27 N.E. 127, *Ex Parte Brown*, (1906) 166 Ind. 593, 78 N.E. 553. In the last case cited the Court opined:

"In respect to our right to entertain the petition (of the court clerk to give an opinion upon the duties of that office expressed in a statute) herein and consider the essential matters therein presented, we have no doubt. In doing so, however, we do not depend upon any right or power conferred by the legislative department, but rely upon and exercise only the power with which we as a court are inherently invested."

Sec. 48, Title 33, Art. 10.5, ch. 4, § 1 of 1975 Senate Enrolled Act No. 441, states, "(a) To qualify for the position of county court judge a person must be: * * * (ii) a person who has received a satisfactory grade in a special examination administered by the Supreme Court under such rules as it prescribes concerning the relevant law and legal procedures pertaining to cases within the jurisdiction of the county court."

Art. 7, § 4, of the Constitution of Indiana, specifically charges the Supreme Court of Indiana with the responsibility of the competence of those practicing law in Indiana and those persons sitting as justices and judges in our state courts. The county court judges, under § 48, Title 33, Art. 10.5, ch. 3, of Senate Enrolled Act No. 441, will exercise criminal jurisdiction in cases where the fine is less than One Thousand Dollars ($1,000) or imprisonment for not more than one year, or both. This type of jurisdiction places a grave responsibility upon the county court judge. Under § 48, Title 33, Art. 10.5, ch. 7, § 10, of the Act, appeals from the county court go directly to the Court of Appeals.

They are not subject to review by the circuit judge as were the decisions rendered by city court judges and justices of the peace. Under the procedure set forth in this statute, the potential deprivation of due process as to persons charged with a crime in such courts requires us to hold that the qualifications to hold such a position as county judge can be no less than the qualifications required of an attorney who is permitted to represent such persons in those courts. Nowhere in this statute does the legislature itself seek to set out any specific requirements or qualifications for persons seeking such judgeships.

We cannot in good conscience concede, as this Act in question does, that less legal ability and knowledge is required of a judge than of the lawyers practicing before the judge.

In the case of *State* v. *Shumaker*, (1928) 200 Ind. 716, 721, 164 N.E. 408, this Court stated:

> "The true interpretation of this [separation of powers] is, that any one department of the government may not be controlled or even embarrassed by another department, unless so ordained in the Constitution."

The legislature may not mandate the Supreme Court, contrary to the separation of powers doctrine, as this Act assumes to do, requiring that we fix some indefinite standard of examination for judges who will administer justice in this State that is less than this Court has fixed as a requirement to practice law in this State.

We cannot be mandated to violate Article 1, § 12 of the Bill of Rights, which states that:

> "Justice shall be administered freely, and without purchase; completely, and without denial; speedily and without delay."

These constitutional provisions referred to guarantee all citizens of Indiana a fair trial which encompasses a competent judge. In the Act in question, lay judges are given the power of imprisonment and become in fact courts of record with an appeal to an appellate court. We thus may reasonably

anticipate appeals to higher courts based upon incompetency of judges resulting in unfair trials and lack of due process.

We, therefore, hold that § 48, Title 33, Art. 10.5, ch. 4, § 1 (a) (3) (ii) and § 48, Title 33, Art. 10.5, ch. 4, § 1 (c), are unconstitutional as a violation of the separation of powers. Inasmuch as this statute contains a severability clause in § 59, this ruling in no way affects the other portions of this statute.

An additional opinion is now being drafted in the Court concerning necessary interpretation of certain portions of this Act.

All Justices concur.

NOTE.—Reported at 332 N.E.2d 97.