## State of Vermont v. Scott J. Dunkerley

[365 A.2d 131]

No. 162-76

Present: Barney, C.J., Smith, Daley, Larrow and Billings, JJ.

Opinion Filed October 5, 1976

*M. Jerome Diamond,* Attorney General, *Gregory A. Mc-Kenzie,* Deputy Attorney General, *Raymond L. Betts, Jr.,* Assistant Attorney General and *James W. Winner,* Paralegal (On the Brief), Montpelier, for Plaintiff.

*Robert Edward West,* Defender General and *Charles S. Martin,* Appellate Defender, Montpelier, for Defendant.

**Barney, C.J.** In the context of a first-degree murder charge, this Court has been asked to deny participation in that trial by the Assistant Judges of the County. A motion to that end was denied below, and the issue certified here as an interlocutory appeal under V.R.A.P. 5(b). Proceedings below were not stayed pending this appeal.

The State moved to dismiss in this Court. The motion raised several issues: that the question was not now ripe for review; that this appeal will not materially advance the termination of the litigation; or that it cannot be factually established at this point in the proceedings that a fair trial cannot be had.

The State's request for dismissal must be refused. It is the view of this Court that among the issues raised there is before us a question of law which requires determination as to the validity of the trial proceedings. That issue may be stated in this form: Is it a violation of due process to conduct a trial before a court consisting of a majority of lay judges authorized to adjudicate matters of law as well as fact?

The United States Supreme Court, in *North* v. *Russell,* 96 S.Ct. 2709, 49 L.Ed.2d 534 (1976), has answered a parallel question relating to a lay judge sitting alone, by permitting proceedings before such a lay magistrate to stand, on the basis that that particular state system provided for a right of appeal and trial de novo before a legally trained judge. Our Superior Court procedure does not provide for such a de novo trial. It is our highest court of nisi prius jurisdiction. The legal authority of any combination of three judges sitting together forming a majority to make the determinative legal

ruling at trial is unquestionable. Two Assistant Judges may, therefore, combine to make any legal ruling, irrespective of the position taken by the legally trained presiding judge. So the issue squarely before this Court that was not met by the United States Supreme Court in the *North* case is: Is it legally permissible, as a matter of due process, to be tried by a potentially lay court and no other?

This is an issue of law. It goes to the validity of the trial process. It turns on no evidentiary issue relating to the "fairness" of a particular trial. If to proceed is a violation of due process, as a matter of law, to refuse to respond to the certification could require that the matter be retried. This is the very essence of the purpose of V.R.A.P. 5(b).

Since it is an issue of law, we cannot take into account the capabilities of the Assistant Judges sitting. We cannot put into the scale the soundness of their judgment, their fairness, their sense of justice, or the breadth of their non-legal experience. The matter must be decided, as issues of law always are, on the basis of the general applicable proposition, to govern all like trials.

Perhaps a word or two about the history of Assistant Judges in our law would be helpful. They have been a part of the county court system for about as long as Vermont has been a state. They came into being at a time in Vermont's history when legally trained men were so rare that all judges were usually lay persons. There is still no constitutional provision requiring that judges be legally trained. The Legislature has, by statute, imposed such a requirement as to District and Superior Judges and Justices of this Court. 4 V.S.A. § 602(b).

Thus, the fact that the positions of Assistant Judges have come to be usually filled by laymen is at least partly a matter of historical accident; they are not required to be laymen. In fact, in times past, in several counties, lawyers have served as Assistant Judges. The ethical problems raised by such a situation are referred to in *Cady* v. *Lang*, 95 Vt. 287, 115 A. 140 (1921).

Thus, the question concerns itself not with the office of Assistant Judge, but the effect on a trial of the occupancy of that office by a lay person. In that context, the question so plainly stated by the dissenters in *North* v. *Russell, supra,* and not

responded to by the majority, seems to require but one result. It is sometimes tempting to leave such unwelcome issues to be decided first by the United States Supreme Court, but fidelity to judicial duty to resolve such controversies when they are brought legally before us by litigants dictates that we rule.

■ That one result just referred to, in the considered view of this Court, compels us to say that the possibility of a lay majority ruling on questions of law in a trial is a sufficient deviation of due process to require proscription. In response to the motion, therefore, the Assistant Judges must be disqualified from participation in the legal issues relating to trial. See *Gordon* v. *Justice Court,* 12 Cal.3d 323, 525 P.2d 72, 115 Cal. Rptr. 632 (1974), *cert. denied,* 420 U.S. 938, 95 S.Ct. 1148, 43 L.Ed.2d 415 (1975). The basis for this determination rests on the previous constitutional requirement that a defendant has a right to representation by a legally qualified attorney. *Gideon* v. *Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). To require a lesser standard of judicial authority would be to defeat that constitutional purpose. It is insufficient constitutional protection to say that it is improbable that the lay judges would fail to consult with their legal colleague. A defendant cannot be required to take that gamble.

It has been suggested that the problem might be resolved by special education for lay judges. That, of course, is not in this case. It is also plain that it falls short of the standards for counsel just noted above. This issue has been adversely determined in *In re Judicial Interpretation of 1975 Sen. E. A. No. 441,* 332 N.E.2d 97, 98 (Ind. 1975).

*The certified question is answered in the affirmative, and the denial of the motion to exclude the Assistant Judges from further participation in this case is reversed. Let an order be entered below prohibiting the participation of the Assistant Judges in all legal questions arising on trial in this case.*

Billings, J. (Concurring). Acknowledging that this case arises by reason of a certified question, I concur with the majority opinion in its conclusion. It is regrettable that this question is not of greater dimension. It is clear to me that the question of lay judges participating in decisions of law occurring in either civil or criminal trials is a violation of the

Due Process Clause and constitutionally prohibited. *Gordon v. Justice Court,* 12 Cal.3d 323, 525 P.2d 72, 115 Cal. Rptr. 632 (1974) ; *cert. denied,* 420 U.S. 938, 95 S.Ct. 1148, 43 L.Ed.2d 415 (1975) ; *North* v. *Russell,* 427 U.S. 328, 96 S.Ct. 2709, 49 L.Ed.2d 534, 542 (1976) (Stewart and Marshall, JJ., dissenting).