460 S.E.2d 636

**STATE of West Virginia ex rel. Clayton COLLINS, Petitioner,**

v.

**Honorable Thomas A. BEDELL, Judge of the Circuit Court of Harrison County, Respondent.**

**STATE of West Virginia ex rel. John Leslie PEEPLES, Petitioner,**

v.

**Honorable David W. KNIGHT, Judge of the Circuit Court of Mercer County, Respondent.**

**Nos. 22781, 22783.**

Supreme Court of Appeals of West Virginia.

Submitted April 4, 1995.

Decided June 19, 1995.

Dissenting Opinion of Retired Justice Neely July 12, 1995.

**394**

James M. Pool, Clarksburg, for petitioner Clayton Collins.

R. Thomas Czarnik, Princeton, for petitioner John Leslie Peeples.

Darrell V. McGraw, Jr., Atty. Gen., Silas B. Taylor, Sr. Deputy Atty. Gen., Charleston, for respondents.

McHUGH, Chief Justice:

This opinion involves two separate petitions for writs of prohibition. One of the petitions was filed by Clayton Collins against the respondent, the Honorable Thomas A. Bedell, Judge of the Circuit Court of Harrison County. The other petition was filed by Leslie Peeples against the Honorable David Knight, Judge of the Circuit Court of Mercer County. The petitions will be consolidated for decision because both seek to prohibit a trial judge from denying a jury trial *de novo* in the circuit court on appeal from a criminal conviction in a magistrate court. For the reasons set forth below, petitioner Collins' writ of prohibition is granted as moulded; however, we deny petitioner Peeples' writ of prohibition.

## I.

In June of 1994 significant statutory changes were made regarding the appeal of a criminal conviction in magistrate court to the circuit court. Although petitioner Collins' magistrate court trial had not been held, he had been arrested and had already waived his right to a jury trial in the magistrate court when the statutory changes occurred in June of 1994. Petitioner Peeples, however, was arrested in August of 1994, which was after the statutory changes had been made.

### A.

#### *Statutory Changes*

Prior to June 10, 1994, a person convicted of a criminal offense in magistrate court had a statutory right to appeal his or her conviction to the circuit court and receive a trial *de novo* which included the right to a trial by jury. *See W.Va.Code*, 50–5–13 [1993]. At that time, there was no statutory provision which provided for the recordation of trials in magistrate court.

In 1994 a provision was added to *W.Va. Code*, 50–5–8 which required that jury trials in magistrate court be recorded electronically. *See W.Va.Code*, 50–5–8(e) [1994]. Additionally, *W.Va.Code*, 50–5–13 was amended to eliminate the statutory right to a jury trial *de novo* in circuit court on an appeal from the magistrate court in a criminal court proceeding.

The amendment to *W.Va.Code*, 50–5–13 was effective on June 10, 1994, and specifically provides that when there has been a jury trial in a criminal proceeding in magistrate court, the review on appeal to the circuit court is limited to the record of the magistrate court trial. *See W.Va.Code*, 50–5–13(b) [1994]. If a person waives the right to a jury trial in a criminal proceeding in magistrate court, then the review on appeal to the circuit court is limited to a "trial de novo triable

to the court, without a jury." *W.Va.Code,* 50–5–13(b) [1994]. There is a provision which authorizes the circuit court to impanel a jury on appeal if the circuit court finds that the defendant was "effectively denied a jury trial" in the magistrate criminal court proceeding. *W.Va.Code,* 50–5–13(c)(5) [1994], in relevant part. However, the amended statutory scheme, unlike the former statutory scheme, does not provide a right to a jury trial *de novo* on appeal from a criminal conviction in a magistrate court.

■ Under the amendments the circuit court has the authority to reverse, affirm, remand, or modify the magistrate judgment order pursuant to *W.Va.Code,* 50–5–13(c) [1994]. Further, the circuit court is required to consider whether the judgment of the magistrate is arbitrary, capricious, or an abuse of discretion; contrary to constitutional rights; in excess of statutory jurisdiction; without observance of procedure required by law; unsupported by substantial evidence; or unwarranted by the facts. *W.Va.Code,* 50–5–13(c)(3) [1994], in relevant part. Thus, the circuit court takes on the role of a reviewing court, not unlike this Court, rather than a trial court when a criminal conviction from magistrate court is appealed to it under the 1994 amendments.

## B.

### *Petitioner Clayton Collins*

Petitioner Collins was arrested in December of 1993 and charged with four counts of third degree sexual abuse pursuant to *W.Va. Code,* 61–8B–9 [1984]. On the day of his arrest, petitioner Collins waived his right to a jury trial in the magistrate court. After numerous continuances were made by both parties and after the statutory amendments were effective, a non-jury trial was held in October of 1994, and petitioner Collins was convicted of all four counts of third degree sexual abuse. The petitioner was sentenced to ninety days in jail for each of the four counts. Two counts were to run concurrently with each other, but consecutively to the other two counts.

In October of 1994, petitioner Collins gave his notice of intent to appeal the judgment of conviction in magistrate court to the Circuit Court of Harrison County for a trial *de novo* and filed a "jury claim" seeking a trial by jury in the circuit court. The circuit court entered an order denying petitioner Collins' request for a trial by jury. Therefore, petitioner Collins is seeking a writ of prohibition from this Court in order to prohibit the circuit court from trying the case without a jury.

## C.

### *Petitioner Leslie Peeples*

In August of 1994, petitioner Peeples was arrested for driving under the influence of alcohol. Petitioner Peeples did not demand a jury trial in magistrate court. Following his trial, petitioner Peeples was convicted of first offense DUI pursuant to *W.Va.Code,* 17C–5–2 [1994] and was sentenced to six months in jail.

Petitioner Peeples appealed his conviction to the Circuit Court of Mercer County, and demanded a trial by jury. The circuit court denied petitioner Peeples' request for a trial by jury. Thus, petitioner Peeples seeks the same relief as petitioner Collins.

## II.

The petitioners maintain that Rule 20.1 of the *West Virginia Rules of Criminal Procedure for Magistrate Courts* and *W.Va.Code,* 50–5–13 [1994] violate *West Virginia Constitution* art. III, § 14 and art. VIII, § 10.[1]

---

**1.** Rule 20.1 of the *West Virginia Rules of Criminal Procedure for Magistrate Courts* follows the amended statutory scheme by setting forth how a criminal conviction in the magistrate court may be appealed to the circuit court:

 **Appeal to Circuit Court.** (a) Except for persons represented by counsel at the time a guilty plea is entered, any person convicted of a misdemeanor in a magistrate court may appeal such conviction to the circuit court as a matter of right....

 . . . .

 (d) An appeal of a magistrate court criminal proceeding tried before a jury shall be heard on the record in circuit court. An appeal of a criminal proceeding tried before a magistrate without a jury shall be by trial de novo in circuit court without a jury.

There are two concerns as set forth by the respondents: (1) does *W.Va.Code,* 50–5–13 [1994], which sets forth the appeal procedure from the magistrate court to the circuit court, but which does not give a defendant a statutory right to a jury trial *de novo* on appeal, violate the *W.Va. Const.* art. III, § 14 or art. VIII, § 10; and (2) does the fact that magistrates, who are not lawyers, preside over the only jury trial given to a defendant violate a defendant's due process rights set forth in the *W.Va. Const.* art. III, § 10 and the *United States Constitution* amend. XIV, § 1.

▮▮▮▮ In addressing these concerns we are mindful of the following:

' "In considering the constitutionality of a legislative enactment, courts must exercise due restraint, in recognition of the principle of the separation of powers in government among the judicial, legislative and executive branches. Every reasonable construction must be resorted to by the courts in order to sustain constitutionality, and any reasonable doubt must be resolved in favor of the constitutionality of the legislative enactment in question. Courts are not concerned with questions relating to legislative policy. The general powers of the legislature, within constitutional limits, are almost plenary. In considering the constitutionality of an act of the legislature, the negation of legislative power must appear beyond reasonable doubt." Point 1 Syllabus, *State ex rel. Appalachian Power Company v. Gainer,* 149 W.Va. 740 [, 143 S.E.2d 351 (1965) ].' Syl. pt. 3, *State ex rel. W. Va. Housing Development Fund v. Copenhaver,* 153 W. Va. 636, 171 S.E.2d 545 (1969).

Syl. pt. 3, *State ex rel. Lambert v. County Comm'n,* 192 W.Va. 448, 452 S.E.2d 906 (1994).

Rule 20.1 was adopted by an order entered on June 30, 1994, and was effective on July 1, 1994.

**2.** As the respondents point out, the Supreme Court of the United States has held that a six-person jury satisfies the right to a trial by jury set forth in the *U.S. Const. See Williams v. Florida,* 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446

### A.

Our initial inquiry is whether *W.Va.Code,* 50–5–13 [1994], which sets forth the appeal procedure from the magistrate court to the circuit court, but which does not give a defendant a statutory right to a jury trial *de novo* on appeal, violates the *West Virginia Constitution.* We are mindful that the magistrate court system was established pursuant to the Judicial Reorganization Amendment of 1974. *See State ex rel. Burdette v. Scott,* 163 W.Va. 705, 706–9, 259 S.E.2d 626, 628 (1979).

There are two constitutional provisions which note the right to a trial by jury. *W.Va. Const.* art. III, § 14 provides, in relevant part, that "[t]rials of crimes, and misdemeanors, *unless herein otherwise provided,* shall be by a jury of twelve men[.]" (emphasis added). *W.Va. Const.* art. VIII, § 10 otherwise provides, in pertinent part, that a jury in a magistrate court "shall consist of six jurors who are qualified as prescribed by law." [2]

▮▮▮▮ The petitioners argue that even if they had a jury in the magistrate court criminal proceeding, they are entitled to a twelve-person jury in the circuit court on appeal. However, the *W.Va. Const.* does not require a trial *de novo* with a twelve-person jury on an appeal from a magistrate court criminal proceeding. Indeed, *W.Va. Const.* art. VIII, § 10 states, in relevant part, that "[t]he legislature shall establish in each county a magistrate court or courts with the right of appeal *as prescribed by law.*" (emphasis added). Thus, it is clear that while the *W.Va. Const.* does guarantee an appeal from magistrate court, the form of the appeal is to be determined by the legislature. There is no provision in the *W.Va. Const.* which mandates that a person has a right to have a twelve-person jury hear his or her case on appeal from the magistrate court. Accordingly, we hold that *W.Va.Code,* 50–5–13 [1994], which sets forth the appeal procedure in a criminal proceed-

(1970) (The Supreme Court of the United States reviewed a life sentence imposed for robbery in the State of Florida after a guilty verdict by a six-person jury and held that the Sixth Amendment right to a trial by jury was satisfied by a six-person jury.)

ing from magistrate court to circuit court, but which does not give the defendant a statutory right to a jury trial *de novo* on the appeal to circuit court, does not violate *W.Va. Const.* art. III, § 14 or art. VIII, § 10.

### B.

██ Although raised clearly and expressly only by the respondents, we address whether a defendant's due process rights set forth in the *W.Va. Const.* art. III, § 10 or the *United States Constitution* amend. XIV, § 1 are violated when a magistrate, who is not a lawyer, presides over the only jury trial a defendant may have.

*W.Va. Const.* art. VIII, § 10 provides, in relevant part:

> The legislature shall determine the qualifications and the number of magistrates for each court ... provided ... that *the legislature shall not have the power to require that a magistrate be a person licensed to practice the profession of law,* nor shall any justice or judge of any higher court establish any rules which by their nature would dictate or mandate that a magistrate be a person licensed to practice the profession of law.

(emphasis added). Additionally, the respondents point out that *W.Va. Const.* art. VIII, § 10 provides that magistrates shall have original jurisdiction over criminal matters which shall be heard by a jury consisting of six jurors and whose judgment is subject to appeal. Therefore, it is obvious that the framers of the *W.Va. Const.* were aware that criminal trials in a magistrate court may be presided over by a non-lawyer.

Furthermore, the respondents assert that the due process' clauses of the *W.Va. Const.* and the *United States Constitution* are not violated by having a lay magistrate preside over a criminal trial.[3] Although this Court has not discussed whether the use of a lay

magistrate violates the due process clauses, this Court has discussed whether the use of a lay justice of the peace violates the due process clauses.[4] In syllabus point 1, in part, of *State ex rel. Moats v. Janco,* 154 W.Va. 887, 180 S.E.2d 74 (1971) this Court held that a lay justice of the peace was authorized to exercise criminal jurisdiction:

> [H]is lack of professional legal training and his inability to attain that status of a duly licensed attorney at law do not of themselves render his judgment of conviction of a defendant of a criminal offense of which the justice has jurisdiction violative of the due process clauses of the Federal and State Constitutions.

This Court further stated that

> [t]hough no person may engage in the practice of law unless he is a duly licensed attorney at law, a justice of the peace, in the trial and disposition of a case of which he has jurisdiction, is not engaged in the practice of law but instead acts in a judicial capacity and is engaged in the discharge of a judicial function.

*Id.* at 891–92, 180 S.E.2d at 78. However, the respondents acknowledge that when *Moats* was decided the criminal defendant had a statutory right to a jury trial *de novo* on appeal to a circuit court from a criminal conviction before a justice of the peace.

The Supreme Court of the United States has not yet addressed whether the *United States Constitution* is violated if a criminal defendant does not have a lawyer-judge preside at his or her trial. The closest the Supreme Court of the United States has come to deciding the issue was in *North v. Russell,* 427 U.S. 328, 96 S.Ct. 2709, 49 L.Ed.2d 534 (1976). In *North* the Supreme Court of the United States determined that Kentucky procedures provided for a trial *de novo,* which included the right to a trial by jury, before a lawyer-judge; therefore, the

---

3. The due process clause in the *W.Va. Const.* is set forth in art. III, § 10 and states: "No person shall be deprived of life, liberty, or property, without due process of law, and the judgment of his peers."

The due process clause of the *U.S. Const.* is set forth in Amendment XIV, section 1 which states, in relevant part, that no State shall "deprive any

person of life, liberty, or property, without due process of law[.]"

4. The justice of the peace system was abolished and replaced by the magistrate system in the Judicial Reorganization Amendment of 1974. *See W.Va. Const.* art. VIII, § 10 and *State ex rel. Burdette v. Scott, supra.*

Supreme Court found it unnecessary to decide whether the proceeding before a lay officer, which resulted in a sentence of thirty days in jail for driving under the influence, violated the constitutional rights of the defendant. However, the Supreme Court of the United States did note that "[o]ur concern in prior cases with judicial functions being performed by nonjudicial officers has ... been directed at the need for independent, neutral, and detached judgment, not at legal training." *Id.* at 337, 96 S.Ct. at 2713, 49 L.Ed.2d at 541.

Several state courts have addressed the issue and have found that due process rights are not violated when a criminal trial is presided over by a lay person. For instance, although not directly on point, the Supreme Court of New Mexico found that allowing a non-lawyer police court judge to preside over a criminal trial did not violate the state and federal constitutions. *Tsiosdia v. Rainaldi,* 89 N.M. 70, 547 P.2d 553 (1976). In arriving at its conclusion the Supreme Court of New Mexico made the following observation:

> [O]ur legal system is primarily of an adversary nature, and the guardianship of the defendant's rights lies chiefly with his attorney, not the judge. Rights not asserted by the defendant's attorney generally are waived. Furthermore, it is not the function of the judge to second guess the tactics or strategies of the defendant's attorney at each step of the defense of an accused. The judge's major function is to determine which of two espoused viewpoints—the attorney's or the prosecutor's—is applicable to the facts of the case before him. An unbiased and reasonably intelligent person should be able to choose fairly between such espoused viewpoints. Fairness in this context is not critically dependent upon the judge being a member of the bar; a judge must have wisdom and common sense which are at least as dependable as an education in guaranteeing the defendant a fair trial. As with district court judges, as a last resort the appellate process is able to correct the mistakes of law of a municipal court judge. We therefore hold that fairness is not so inextricably tied to the education of an attorney

that without such an education a municipal court judge cannot be fair.

*Id.* at 72, 547 P.2d at 555 (footnotes omitted). We find the rationale of the Supreme Court of New Mexico to be persuasive.

Moreover, in a case which is factually similar to the cases now before us, the Supreme Court of Arizona found that the due process clause is not violated when a non-lawyer judge presides over a criminal trial if the decision of the non-lawyer judge is subject to meaningful review. *Palmer v. Superior Court,* 114 Ariz. 279, 281, 560 P.2d 797, 799 (1977). The Supreme Court of Arizona found that a law-trained judge is on the court to which the appeal is made and that court has a record of the proceeding before the lay judge. Additionally, the court to which the appeal is made has the authority to grant a trial *de novo* if it finds that there are deficiencies in the record. Thus, the due process rights of the defendant are not violated. *Id.* See also *Walker v. State,* 204 Ga.App. 559, 420 S.E.2d 17 (1992) (A defendant's due process rights were not violated just because his conviction, by a non-lawyer judge, was not entitled to *de novo* review by a lawyer judge); *People v. Sabri,* 47 Ill.App.3d 962, 6 Ill.Dec. 104, 362 N.E.2d 739 (1977) (Based on the facts in that case, the court found that a defendant may be tried by a non-lawyer judge where there is the possibility of imprisonment without violating the due process clause); *State v. Duncan,* 269 S.C. 510, 238 S.E.2d 205 (1977) (The due process rights of the defendant are not violated by a non-lawyer magistrate presiding over the defendant's trial even if the defendant is not automatically entitled to a jury trial *de novo* on appeal) and *Canaday v. State,* 687 P.2d 897 (Wyo.1984) (The defendant's due process rights are not violated when a non-lawyer justice of the peace presides over his trial since the defendant has the right to appeal to a lawyer judge). *But see Gordon v. Justice Court for Yuba Judicial District of Sutter County,* 12 Cal.3d 323, 115 Cal.Rptr. 632, 525 P.2d 72 (1974), *cert. denied, California v. Gordon,* 420 U.S. 938, 95 S.Ct. 1148, 43 L.Ed.2d 415 (1975) (Having a non-lawyer justice of the peace preside over a criminal trial which results in a jail sentence violates a defendant's due process rights since justice

courts are not courts of record) and *State v. Dunkerley*, 134 Vt. 523, 365 A.2d 131 (1976) (The Court held that conducting a criminal trial of a felony before a panel of non-lawyer judges would violate a defendant's due process rights).

Thus, there are other jurisdictions which have found that a defendant's due process rights are not violated when a non-lawyer judge presides over the trial. Moreover, in the cases before us, the amended statutory scheme has taken into consideration a defendant's due process rights.

For instance, magistrates are not completely unskilled in the law. Pursuant to *W.Va.Code*, 50–1–4 [1992] the legislature has mandated that magistrates complete a "course of instruction in rudimentary principles of law and procedure" before assuming office. Furthermore, magistrates are required to attend continuing educational classes regarding their duties in such capacity. *Id.*

As we previously stated, the amended statutory scheme provides that all jury trials "shall be recorded electronically." *W.Va. Code*, 50–5–8(e) [1994], in relevant part. This provision guarantees a record of the jury trial in the magistrate court in order to enable the reviewing court on appeal to ensure that a defendant was given a fair trial. The legislature additionally sought to protect indigents. For instance, indigents are entitled to a free copy of the designated portions of the transcript of the record upon which he or she relies upon in the appeal unless the circuit court, by order, chooses to "review the designated portions of the recording aurally." *W.Va.Code*, 50–5–13(c)(1) [1994].

On appeal, the reviewing court must consider a list of factors such as whether the judgment of the magistrate is arbitrary, capricious, or an abuse of discretion; contrary to constitutional rights; in excess of statutory jurisdiction; without observance of procedure required by law; unsupported by substantial evidence; or unwarranted by the facts. *See W.Va.Code*, 50–5–13(c)(3) [1994]. Most importantly, the reviewing court has the authority to grant a jury trial *de novo* if it finds that the proceedings in the magistrate court effectively denied the defendant a jury trial. *W.Va.Code*, 50–5–13(c)(5) [1994].

Accordingly, we hold that a defendant's due process rights set forth in the *W.Va. Const.* art. III, § 10 and the *U.S. Const.* amend. XIV, § 1 are not violated when a non-lawyer magistrate presides over the trial because *W.Va.Code*, 50–5–13 [1994] provides meaningful review on appeal.

### III.

■■■ Petitioner Peeples generally asserts that he was denied equal protection of the law because if he had been arrested in a municipality and charged with violating an ordinance, he would have been entitled to a twelve-person jury trial in municipal court and to a twelve-person jury trial on appeal to the circuit court from the judgment in municipal court.[5] More simply, as the respondent notes, petitioner Peeples argues that the differences in procedure between the municipal and magistrate courts denies him equal protection of the law. We disagree.

■■■ We are mindful of the following:

5. We note that *W.Va.Code*, 50–5–13 [1994], which does not give a defendant a statutory right to a jury trial *de novo* on appeal to the circuit court only applies to criminal appeals from magistrate court and not to criminal appeals from municipal courts. *W.Va.Code*, 8–34–1 [1969], in relevant part, sets forth the appeal procedure from a municipal court: "Every person sentenced ... [by a] municipal court judge to imprisonment or to the payment of a fine of ten dollars or more ... shall be allowed an appeal de novo to the circuit [court.]"

Additionally, we note that although there is no specific equal protection clause in the *W.Va. Const.*, we have found equal protection principles in the general language of *W.Va. Const.* art. III,

§ 10 which provides: "No person shall be deprived of life, liberty, or property without due process of law," and in *W.Va. Const.* art. III, § 17, which states: "The courts of this State shall be open, and every person, for an injury done to him, in his person, property or reputation, shall have remedy by due course of law; and justice shall be administered without sale, denial or delay." *See State ex rel. Boards of Educ. v. Chafin*, 180 W.Va. 219, 225, 376 S.E.2d 113, 119 (1988). We have also placed our equal protection principles under *W.Va. Const.* art. VI, § 39 which prohibits the enactment of special legislation. *State ex rel. Boards of Educ. v. Chafin, supra.*

1. 'General and indefinite terms of one provision of a constitution, literally embracing numerous subjects, are impliedly limited and restrained by definite and specific terms of another, necessarily and inexorably withdrawing from the operation of such general terms, a subject which, but for such implied withdrawal, would be embraced and governed by them.' Syllabus Point 5, *Lawson v. Kanawha County Court*, 80 W.Va. 612, 92 S.E. 786 (1917).

2. 'A constitutional amendment, as the last word from the people on a subject under consideration, should be given controlling effect where there is irreconcilable conflict between it and other constitutional provisions, but no such effect should be given where it and other provisions of the Constitution may be read together and harmonized without destroying the effect and purpose of any of them.' Syllabus Point 3, *Berry v. Fox*, 114 W.Va. 513, 172 S.E. 896 (1934).

Syl. pts. 1 and 2, *State ex rel. Boards of Educ. v. Chafin*, 180 W.Va. 219, 376 S.E.2d 113 (1988).

The Judicial Reorganization Amendment of 1974 amended the *W.Va. Const.* and set forth specific requirements regarding the magistrate court system. As we have previously noted, *W.Va. Const.* art. VIII, § 10 mandates that a six-person jury is to be used in magistrate court. Moreover, the same constitutional provision mandates that the appeal from magistrate court is to be "prescribed by law." Therefore, the procedural differences between the municipal and magistrate courts were specifically authorized in the Judicial Reorganization Amendment of 1974.

Thus, based on the principles set forth in syllabus points 1 and 2 of *Chafin, supra*, the Judicial Reorganization Amendment of 1974, which specifically prescribes the procedures to be used in the magistrate court, controls the resolution of this issue. Accordingly, we find petitioner Peeples' equal protection argument to be without merit.[6]

## IV.

 Petitioner Collins asserts that since he waived his right to a jury trial in the magistrate court in 1993 before the amended statutes changing the appeal procedure from magistrate court were enacted, it would violate *ex post facto* principles found in *W.Va. Const.* art. III, § 4 and *U.S. Const.* art. I, § 10 if the amended appeal procedure was applied to his case.[7] For reasons stated below, we disagree.

 In syllabus point 1 of *Adkins v. Bordenkircher*, 164 W.Va. 292, 262 S.E.2d 885 (1980) this Court held:

Under *ex post facto* principles of the United States and West Virginia Constitutions, a law passed after the commission of an offense which increases the punishment, lengthens the sentence or operates to the detriment of the accused, cannot be applied to him.

In *Adkins*, this Court held that in order to avoid violating the *ex post facto* clauses of the *W.Va. Const.* and the *U.S. Const.*, the new "good time" statute, which permitted the prison inmate to earn fewer good time credits than the former "good time" statute, was not to be applied to those inmates in prison who committed crimes before the effective date of the new "good time" statute. *Id. See also State v. George W.H.*, 190 W.Va.

**6.** Because our state constitution concept of equal protection is coextensive or broader than that of the *U.S. Const.*, it follows that since petitioner Peeples' assertion does not violate state equal protection principles that federal equal protection principles are likewise not violated. *See* syl. pt. 3, *Robertson v. Goldman*, 179 W.Va. 453, 369 S.E.2d 888 (1988) ("The concept of equal protection of the laws is inherent in article three, section ten of the West Virginia Constitution, and the scope and application of this protection is coextensive or broader than that of the fourteenth amendment to the United States Constitu-

tion.") *See also O'Dell v. Town of Gauley Bridge*, 188 W.Va. 596, 601, 425 S.E.2d 551, 556 (1992).

**7.** The *W.Va. Const.* art. III, § 4 states, in relevant part: "No ... ex post facto law ... shall be passed." The *U.S. Const.* art. I, § 10 provides, in relevant part: "No State shall ... pass any ... ex post facto Law[.]"

Additionally, we are mindful that the *ex post facto* principle is applicable only in criminal matters. *See Tanner v. Workers' Compensation Comm'r*, 176 W.Va. 427, 430, 345 S.E.2d 29, 32 (1986).

558, 439 S.E.2d 423 (1993) (*George W.H.* involved the application of a new definition of forcible compulsion in a second degree sexual assault case to a defendant who committed the criminal act prior to the existence of the new definition of forcible compulsion, thus, violating *ex post facto* principles.)

The Supreme Court of the United States in *Collins v. Youngblood*, 497 U.S. 37, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990) recognized that there has been confusion over whether procedural changes which deprive an accused of a substantial protection provided by law violate the *ex post facto* principle.

The Supreme Court of the United States found that analyzing an *ex post facto* question involving a procedural change by determining whether or not the change deprives the accused of substantial protections which the existing law gives to the accused of a crime is misleading. *Id.* Additionally, the Court in *Collins* found that labeling the questioned law change as procedural or substantive was also misleading. *Id.* Instead, the Supreme Court of the United States in *Collins* found that the following summary, previously enunciated in *Beazell v. Ohio*, 269 U.S. 167, 169–70, 46 S.Ct. 68, 68–69, 70 L.Ed. 216, 217 (1925), best exemplifies the original understanding of the meaning of the *ex post facto* clause:

'It is settled, by decisions of this Court so well known that their citation may be dispensed with, that any statute which punishes as a crime an act previously committed, which was innocent when done; which makes more burdensome the punishment for a crime, after its commission, or which deprives one charged with crime of any defense available according to law at the

time when the act was committed, is prohibited as *ex post facto.*'

*Collins,* 497 U.S. at 42, 110 S.Ct. at 2719, 111 L.Ed.2d at 39.[8]

Therefore, if the questioned procedural change does not fit into the above framework, then the procedural change in the criminal proceeding is not prohibited as *ex post facto* according to the Supreme Court of the United States' analysis in *Collins, supra.* Indeed, the Court in *Collins* overruled two of its prior cases which did not fit into the framework established in *Beazell.* One case in particular is of interest: *Thompson v. Utah,* 170 U.S. 343, 18 S.Ct. 620, 42 L.Ed. 1061 (1898).

In *Thompson* the defendant was convicted by a jury of twelve persons of grand larceny when Utah was a territory. Subsequently, the defendant was granted a new trial, and Utah, in the meantime, was admitted into the Union as a State. The Constitution of the new state of Utah required that juries in noncapital cases consist of eight jury members. The defendant was retried with an eight-member jury and convicted. The Supreme Court of the United States reversed the conviction because the new state constitution deprived him of a substantial right by not allowing him to have a twelve-person jury, thus violating the *ex post facto* clause of the constitution. *Id.*

In *Collins* the Supreme Court of the United States revisited *Thompson* and in overruling its analysis of the *ex post facto* clause, stated: "The right to jury trial provided by the Sixth Amendment is obviously a 'substantial' one, but it is not a right that has anything to do with the definition of crimes, defenses, or punishments, which is the concern of the *Ex Post Facto* Clause." [9] *Collins,*

---

**8.** This Court has not directly addressed the issue in *Collins, supra,* of how procedural changes should be analyzed pursuant to *ex post facto* principles. However, this Court in the following discussion failed to follow the above analysis set forth in *Beazell, supra:*

Mere procedural changes which affect only the mode of trial or the rules of evidence and which do not work to the substantial disadvantage of an accused are not customarily held to be within the ex post facto prohibition.... However, procedural changes can be ex post facto depending on their effect on the accused.

*State v. R.H.,* 166 W.Va. 280, 289, 273 S.E.2d 578, 584 (1980), *overruled on a different ground, State ex rel. Cook v. Helms,* 170 W.Va. 200, 292 S.E.2d 610 (1981) (citations omitted).

**9.** In a concurring opinion in *Collins, supra,* some members of the Supreme Court of the United States asserted that the *ex post facto* clause should be construed more broadly than the majority construed it in *Collins.* Indeed, the concurring opinion stated that there was no need to overrule *Thompson, supra.* Other courts have acknowledged the reasoning of the Supreme Court of the United States in *Collins, supra,* that

497 U.S. at 51, 110 S.Ct. at 2724, 111 L.Ed.2d at 45. *Cf. City of Seattle v. Hesler*, 98 Wash.2d 73, 653 P.2d 631 (1982) (After the State of Washington eliminated the *de novo* appeal procedure from courts of limited jurisdiction, the Supreme Court of Washington held that a change in the method of review on appeal does not offend the *ex post facto* clauses of the state and federal constitutions.)

We find the reasoning of the Supreme Court of the United States in *Collins, supra,* to be persuasive in interpreting the *W.Va. Const.* Moreover, the analysis in *Collins*, is not inconsistent with this Court's previous applications of the *ex post facto* principle. *See, e.g., Adkins, supra* and *George W.H., supra.* In fact, this Court in *George W.H., supra,* at 564–65, 439 S.E.2d at 429–30, noted with approval the classic definition of an *ex post facto* law set forth in *Calder v. Bull,* 3 U.S. (3 Dall.) 386, 390, 1 L.Ed. 648, 650 (1798), which the Supreme Court of the United States in *Collins* similarly quoted with approval:

' "1st. Every law that makes an action done before the passing of the law, and which was *innocent* when done, criminal; and punishes such action. 2d. Every law that *aggravates* a *crime*, or makes it *greater* than it was when committed. 3d. Every law that *changes the punishment*, and inflicts a *greater punishment*, than the law annexed to the crime when committed. 4th. Every law that alters the *legal* rules of *evidence*, and receives less, or different, testimony, than the law required at the

commission of the offence, *in order to convict the offender.*" ' [10]

*Collins*, 497 U.S. at 42, 110 S.Ct. at 2719, 111 L.Ed.2d at 38–39 (emphasis in original and footnote added).

Accordingly, we hold that a procedural change does not violate the *ex post facto* principle found in the *W.Va. Const.* art. III, § 4 and in the *U.S. Const.* art. I, § 10 unless the procedural change alters the definition of a crime so that what is currently punished as a crime was an innocent act when committed; deprives the accused of a defense which existed when the crime was committed; or increases the punishment for the crime after it was committed.

▮ In the case before us, the elimination of the trial *de novo* on appeal from a criminal proceeding in magistrate court does not alter the definition of a crime, deprive petitioner Collins of a defense, or increase his punishment. Thus, the elimination of a right to a trial by jury on appeal from the magistrate court criminal proceeding does not violate the *ex post facto* clauses of the *W.Va. Const.* or the *U.S. Const.*

▮ However, as the respondent concedes, petitioner Collins was entitled to seek a jury trial in magistrate court once the right to a *de novo* jury trial on appeal to the circuit court was eliminated. Pursuant to *W.Va. Const.* art. III, § 14 there is a right to a jury trial for any criminal offense when the penalty involves a period of incarceration. *See, e.g., Scott v. McGhee,* 174 W.Va. 296, 324 S.E.2d 710 (1984) (In the municipal courts a defendant is entitled to a trial by jury if the

---

procedural questions should be analyzed pursuant to traditional *ex post facto* principles rather than pursuant to the "substantial protection" analysis. *See Helton v. Fauver*, 930 F.2d 1040, 1045 (3rd Cir.1991); *U.S. v. Porter*, 909 F.2d 789, 793 (4th Cir.1990); *State v. Noble*, 171 Ariz. 171, 173–174, 829 P.2d 1217, 1219–1220 (1992); *Ridenhour v. State*, 305 Ark. 90, 805 S.W.2d 639, 640–41 (1991); *Tapia v. Superior Court*, 53 Cal.3d 282, 279 Cal. Rptr. 592, 807 P.2d 434 (1991); *People v. District Court*, 834 P.2d 181 (Colo.1992); *State v. Cohen*, 604 A.2d 846, 852–53 (Del.1992); *State v. Nakata*, 76 Hawai'i 360, 878 P.2d 699, 714–15 (1994), *cert. den.,* — U.S. —, 115 S.Ct. 1095, 130 L.Ed.2d 1063 (1995); *State v. Joubert*, 603 A.2d 861, 869 (Me.1992); *People v. Russo*, 439 Mich. 584, 487 N.W.2d 698, 701 (1992); *State v. Wings*, 867

S.W.2d 607 (Mo.Ct.App.1993); *State v. Crawley*, 96 Ohio App.3d 149, 644 N.E.2d 724 (1994); *cert. den.* — U.S. —, 115 S.Ct. 1999, 131 L.Ed.2d 1000 (1995); *State v. Cookman*, 127 Or.App. 283, 873 P.2d 335, 342–43 (1994); *Commonwealth v. Young*, 536 Pa. 57, 637 A.2d 1313 (1993); *Ex parte Hallmark*, 883 S.W.2d 672, 674 (Tex.Crim.App. 1994).

**10.** As *Collins* points out, the above language regarding the rules of evidence in *Calder, supra,* was "not intended to prohibit the application of new evidentiary rules in trials for crimes committed before the changes." *Collins*, 497 U.S. at 43 n. 3, 110 S.Ct. at 2719 n. 3, 111 L.Ed.2d at 39 n. 3 (citations omitted).

penalty involves any period of incarceration). Moreover, this right to a jury trial may only be waived by the voluntary and intelligent consent of the defendant. *See* 21A Am. Jur.2d *Criminal Law* § 677 (1981) ("[A] waiver of the right to jury trial must be shown to have been given freely and intelligently[.]" (footnote omitted)). *See, e.g., Singer v. United States,* 380 U.S. 24, 85 S.Ct. 783, 13 L.Ed.2d 630 (1965). *Cf. W.Va. R.Crim.P.* 23 (A defendant may waive his or her right to a jury trial, but it must be done in writing and have the consent of the court and the consent of the State).

 The record indicates that petitioner Collins waived his right to a jury trial in magistrate court *before* the statutory amendments were enacted; however, petitioner Collins' non-jury trial took place *after* the statutory amendments were enacted. The record does not reveal whether petitioner Collins was given an opportunity to voluntarily and intelligently waive his right to a trial by jury pursuant to the 1994 statutory amendments. Clearly, petitioner Collins could not have anticipated waiving his right to a jury trial on appeal in the circuit court when he waived his right to a jury trial in the magistrate court proceeding. The 1994 amendments, which took away a defendant's statutory right to a jury trial on appeal in the circuit court, had not yet been enacted. Therefore, the Circuit Court of Harrison County should determine whether petitioner Collins was given an opportunity to request a jury trial after the statutory amendments were enacted, and if not, afford petitioner Collins the opportunity to exercise his right to a trial by jury.

## V.

 In conclusion, we have held that we will not grant a writ of prohibition unless there is a substantial, clear-cut legal error in contravention of statutory, constitutional, or common laws:

> In determining whether to grant a rule to show cause in prohibition when a court is not acting in excess of its jurisdiction, this Court will look to the adequacy of other available remedies such as appeal and to the over-all economy of effort and money among litigants, lawyers and courts; however, this Court will use prohibition in this discretionary way to correct only substantial, clear-cut, legal errors plainly in contravention of a clear statutory, constitutional, or common law mandate which may be resolved independently of any disputed facts and only in cases where there is a high probability that the trial will be completely reversed if the error is not corrected in advance.

Syl. pt. 1, *Hinkle v. Black,* 164 W.Va. 112, 262 S.E.2d 744 (1979). Based on our discussion above, petitioner Collins' writ of prohibition is granted as moulded, and we direct the Circuit Court of Harrison County to determine whether or not petitioner Collins was given the opportunity to request a trial by jury in magistrate court once the amended statutory provisions were enacted. However, we deny petitioner Peeples' writ of prohibition since he has failed to show that there is a substantial, clear-cut legal error in contravention of the constitution.

No. 22781—Writ granted as moulded.

No. 22783—Writ denied.

BROTHERTON, J., did not participate.

FOX, J., sitting by temporary assignment.

NEELY, Retired J., participated in consideration and decision of case.

NEELY, Retired J., reserves the right to file a dissenting opinion.

NEELY, Senior Justice, dissenting:

(Filed July 12, 1995)

I dissent in a case where there is no harm to these particular defendants because I believe that a criminal defendant appealing from a proceeding in magistrate court before a non-lawyer judge, should be afforded a statutory right to a jury trial *de novo* on appeal to the circuit court. Accordingly, I would find that *W.Va.Code* 50–5–13 [1994], which eliminated the aforementioned right, to be unconstitutional. As stated by the majority, the amendment provides that when there has been a jury trial in a criminal proceeding in a magistrate court, the review on appeal to the circuit court is limited to the

record of the magistrate court trial. *W.Va. Code* 50–5–13(b) [1994]. Furthermore, if the defendant waives the right to a jury trial in a criminal proceeding in magistrate court, then the review on appeal to the circuit court is limited to a trial *de novo* before a judge, without a jury.

I believe the majority's opinion is just another step in the ongoing trend in American law to abolish the constitutional rights of criminal defendants and to destroy citizens' rights to a jury trial. For an in depth discussion of this alarming and insidious trend, *see State v. Rummer,* 189 W.Va. 369, 384–403, 432 S.E.2d 39, 54–73 (1993) (Neely, J., dissenting). *Rummer* involved different issues but the effect of the Court's decision was the same—a further erosion of the civil rights of criminal defendants.

Under the former statutory scheme, the question on appeal from a jury trial before a magistrate was not whether the judgment of the court not of record was correct, but whether the accused is guilty of the offense charged and for which he has been tried. However, as stated by the majority, under the amended statute the circuit court takes on the role of a reviewing court, rather than a trial court. The 1994 amendments penalize criminal defendants exercising their right to a jury trial below by stripping them of their right to a *de novo* trial on appeal to the circuit court. However, when they graciously and expeditiously waive their right to a jury trial below, they are rewarded with the right to a *de novo* trial before a lawyer-judge on appeal.

This amounts to an unconstitutional deprivation of due process, based in part on the inherently political nature of our magistrate system. The requirements to be a magistrate in West Virginia are simple: if you are over twenty-one years of age, with a high school education or its equivalent, absent any felony or misdemeanor convictions involving moral turpitude, you, too, can run for election in your county of residence. *W.Va.Code* 50–1–4 [1992]. There are no preliminary requirements of formal legal education or training.

Basically, without even being asked to walk and chew gum at the same time, a total buffoon can win an election and be rewarded with a four-year term as a magistrate. The mandatory training program for magistrate judges helps smart, interested magistrates, but is largely wasted on dim bulbs or those who don't want to learn. There is nothing fundamentally wrong with the concept of using non-lawyer judges for misdemeanors. However, in the big picture, some due process attaches even to misdemeanor cases.

The Supreme Court of the United States has indirectly addressed the constitutionality of non-lawyer magistrates in the case from Kentucky of *North v. Russell,* 427 U.S. 328, 96 S.Ct. 2709, 49 L.Ed.2d 534 (1976), as mentioned in the majority opinion. In *North,* the appellant claimed that when incarceration is a possible penalty, due process required that his case initially be tried before a judge with formal legal training, irrespective of whether a trial *de novo* was available before a lawyer/judge on appeal. The Supreme Court essentially found this argument mooted by the fact that in Kentucky a defendant facing a criminal sentence did have the opportunity *"[i]n all instances"* to have a trial *de novo* before a lawyer/judge. *North,* 427 U.S. at 334, 96 S.Ct. at 2712 [emphasis added.] Thus, the Court tacitly affirmed the constitutionality of non-lawyer judges based upon the guarantee of a trial *de novo* on appeal before a lawyer/judge.

In *Ludwig v. Massachusetts,* 427 U.S. 618, 96 S.Ct. 2781, 49 L.Ed.2d 732 (1976), decided just two days after the *North* decision, the Supreme Court again partially relied on the existence of a trial *de novo* to uphold a state court system when a defendant in a criminal case was initially tried *without a jury* before a nonlawyer judge, but had the right to obtain a trial *de novo* by jury on appeal. Thus, in *Ludwig* the Supreme Court ruled that no due process violation was found.

Our amended statute eliminates the right to a trial *de novo* on appeal for defendants who exercise their constitutional right to a jury trial; although, a trial *de novo* before a judge is preserved for defendants waiving their right to a jury trial below. *W.Va.Code* 50–5–13(b) [1994], states:

In the case of an appeal of a criminal proceeding tried before a jury, the hearing on the appeal before the circuit court shall be a hearing *on the record.* In the case of an appeal of a criminal proceeding tried before the magistrate without a jury, the hearing on the appeal before the circuit court shall be a *trial de novo, triable to the court, without a jury.*

[Emphasis added.] The mere fact that the 1994 statute provides that all jury trials in magistrate court be electronically recorded, thus theoretically preserving the record for review on appeal, should not be used to disguise the fact that we have effectively *eliminated* a criminal defendant's right to trial by jury in the presence of a lawyer/judge.

No doubt the majority, as well as the Legislature, rightfully assumes they are highly unlikely ever to be in a position to benefit from the constitutional rights designed to protect criminal defendants. Presumably this explains the haste with which such rights have been diminished or eliminated by this Court and others. *See State v. Charles,* 183 W.Va. 641, 398 S.E.2d 123 (1990) (Miller, J., dissenting; Neely, J., joining) (creation of "lustful disposition" exception to *W.Va.R.Evid.,* Rule 404(b)). Nonetheless, I dissent; it is the protection and preservation of constitutional rights that keep the judiciary in business.