IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

FEBRUARY 1997 SESSION

FILED

June 09, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

BARRY WELLS,                    )
                               )
    Appellant,                 )        No.  02C01-9610-CV-00358
                               )
VS.                            )        Lauderdale County
                               )
RONNIE RICKARD,                )        Joseph H. Walker, III, Judge
                               )
    Appellee.                  )        (Habeas Corpus)


CONCURRING OPINION


I concur in the result reached by my colleagues but write separately to express my concern over the practice of non-lawyer judges having the authority to order the incarceration of adults.


I.


The majority correctly notes that North v. Russell, 427 U.S. 328, 96 S.Ct. 2709, 49 L.Ed.2d 534 (1976), found no federal constitutional impediment to non-lawyer judges incarcerating persons under the Kentucky two-tier trial court system. However, North noted that Kentucky's two-tier system provided for the following: appeals which automatically vacated the conviction by the non-lawyer judge; a trial de novo even after a plea of guilty in the court of the non-lawyer judge; the obligation of the non-lawyer Kentucky judge to advise defendants of their unconditional right to a de novo trial; the right of an appeal within thirty (30) days from the non-lawyer judge's conviction; and the right to totally by-pass the non-lawyer judge by tendering a guilty plea and securing a trial de novo before a lawyer judge.[1]  427 U.S. at 334-337, 96 S.Ct. at 2712-13.

_____

[1] The Court did further "assume that police court judges recognize their obligation under Argersinger v. Hamlin, [407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972)] to inform defendants of their right to a lawyer if a sentence of confinement is to be imposed." North v. Russell, 427 U.S. at 335, 96 S.Ct. at 2712.  The trial judge in the case sub judice found that the general sessions judge failed to secure from defendant an appropriate waiver of counsel.

These procedural safeguards are not applicable in Tennessee.

## II.

Nevertheless, these limiting factors in North seem to have made little difference in other states where no constitutional violation was found. Although it has been contended with occasional success that the use of non-lawyer judges is violative of constitutional due process, the weight of authority appears to be to the contrary, particularly when the defendant has a subsequent right to a trial *de novo* before a lawyer judge. 21A Am.Jur.2d Criminal Law § 826 (1981) (citations omitted); *see also* State ex rel. Collins v. Bedell, 460 S.E.2d 636, 644-45 (W.Va. 1995) (citing several cases that have considered the issue); 71 A.L.R.3d 562 (1977). More recently, it has been recognized that it is questionable whether proceedings before lay justices are consistent with the demands of due process, and the constitutionality of this procedure is not fully resolved. C. Fieman, *Do Nonlawyer Justices Dispense Justice?*, 69 N.Y. St. B. J. 20 (Jan. 1997).

## III.

Undetermined in this state is the applicability of Article I, § 8 of the Constitution of Tennessee to the issue of non-lawyer judges incarcerating adults. State ex rel. Anglin v. Mitchell, 596 S.W.2d 779 (Tenn. 1980), found such a violation relating to the detention of juveniles. If Anglin is a proper interpretation of Article I*, §* 8 of our Constitution, then I see no reason to limit its holding to juveniles. Otherwise, a non-lawyer judge on the first case on the docket could constitutionally incarcerate an eighteen-year old adult misdemeanant to numerous consecutive terms of 11 months and 29 days. Yet, the same non-lawyer judge on the next case on the docket could

2

not order the confinement of a seventeen-year old juvenile for one day.[2]  Somehow, this logic escapes me.

The Tennessee cases cited in the majority opinion relate to preliminary hearings and juvenile transfer hearings, not the right to incarcerate.[3]  Furthermore, the references to the statutory authorization for non-lawyer judges and the failure of an attorney to qualify for the Lauderdale County judgeship are irrelevant to the constitutional issue.

## IV.

In spite of the differences in the Tennessee two-tier system as compared to the Kentucky system examined in North, there appears to be little authority elsewhere and no Tennessee authority to suggest a federal constitutional violation.  As to our state constitution, our Supreme Court has not spoken as to its applicability to non-lawyer judges incarcerating adult misdemeanants.  Yet, as noted by the majority, the Anglin holding has not been extended in its seventeen (17) year existence.

In view of this history, I am reluctant to find a constitutional violation in spite of my personal views that due process is offended by such a practice.

_____          _____
                                         JOE G. RILEY, JUDGE

---

[2] Some general sessions courts also exercise juvenile jurisdiction.  Tenn. Code Ann. § 37-1-203.

[3] The majority opinion correctly notes that North was applied in State v. Voltz, 626 S.W.2d 291, 295-96 (Tenn. Crim. App. 1981); however, Voltz concerned a non-lawyer judge's participation in a preliminary hearing, not incarceration.